## RUNYAN v. FISHER. [*]

No. 728.    Opinion Filed March 21, 1911.

(114 Pac. 717.)

1.  **APPEAL AND ERROR—Review—Findings of Fact.** Where special findings of fact are made by the court without the intervention of a jury and such findings are based in part on oral testimony, on review here, as a rule, they are conclusive upon any disputed or doubtful question of fact.

2.  **EJECTMENT—Right to Second Trial—Effect of Statehood.** Under the laws in force in the Indian Territory at the time of the erection of the state, the losing party in an ejectment suit was not entitled as a matter of right to a second trial.

      (a) As to pending ejectment actions, afterwards finally determined in the state district courts, the losing party as a matter of right was not entitled to a second trial.

(Syllabus by the Court.)

*Error from District Court, Muskogee County; G. A. Brown, Judge.*

Action by Charles F. Runyan against Jacob Fisher. Judgment for defendant, and plaintiff brings error. Affirmed.

*Maxey & Runyan,* for plaintiff in error.

WILLIAMS, J. An action in ejectment by the plaintiff in error, Chas. F. Runyan, as plaintiff, against the defendant in error, Jacob Fisher, as defendant, commenced in the United States Court for the Western district of the Indian Territory at Muskogee, before the erection of the state, being a pending and undetermined cause, by virtue of the provisions of the enabling act (Act June 16, 1906, c. 3335, 34 Stat. 267) and the Schedule to the Constitution, § 27, came at such time to the district court of Muskogee county. The case was tried in the state court without the intervention of a jury.

Only two questions are essential for determination: (1) Was the finding of the trial court sustained by the evidence? (2) Is the losing party in this action entitled to a new trial as a matter of right?

1. The question of fact involved was as to whether the grantor of the defendant was under 18 years of age at the time of the execution of the deed. The burden rested upon the plaintiff. The court sitting as a jury found against the plaintiff. He had an opportunity to see all the witnesses face to face, and to observe their demeanor, frankness, intelligence, and truthfulness, or want of such; in fact, to weigh all such matters as to probity and credibility. We have carefully read the evidence in the record, and do not feel that we should disturb the finding. *Alcorn v. Dennis,* 25 Okla. 135, 105 Pac. 1012.

2. Under the laws as they existed in the Indian Territory prior to the erection of the state, the losing party in an ejectment suit was not entitled to a second trial. This right existed under the laws of Oklahoma Territory, as they were continued in force in the state, until the same were repealed by the Legislature. As to actions pending and undetermined at the time of the erection of the state, the same were to be tried or continued under the same laws, including procedure, as if no change in the form of government had taken place. *M., K. & T. Ry. Co. v. Walker,* 27 Okla. 849, 113 Pac. 907, and authorities therein cited, and *Gwinnup et al. v. Griffins et al.,* 26 Okla. 866, 113 Pac. 909. The plaintiff therefore was not entitled as a matter of right to a second trial in ejectment.

The judgment of the lower court is affirmed.

All the Justices concur.