## MITCHELL et al. v. GAFFORD.

No. 8283—Opinion Filed Sept. 24, 1918.

(175 Pac. 227.)

**1. Jury—Trial by Jury—Recovery of Real Estate.**

The fact that the petition in an action for the recovery of real property prays that the title to the real estate sought to be recovered be quieted in the plaintiffs does not make the action a nonjury cause, but it remains an action properly triable by jury under the provisions of section 4993, Rev. Laws 1910.

**2. Appeal and Error—Trial by Court—Review of Facts.**

The judgment of a trial court in an action properly triable by jury has the same force and effect in this court as the verdict of the jury, and, where there is competent evidence which reasonably tends to support it, such judgment, though based on conflicting testimony as to an issue of fact, will not be disturbed.

(Syllabus by Rummons, C.)

Error from District Court, Okfuskee County; Geo. C. Crump, Judge.

Action by Salina Mitchell and another against Charles C. Gafford. Judgment for defendant, and plaintiffs bring error. Affirmed.

E. J. Van Court, for plaintiffs in error.

J. C. Wright and C. T. Huddleston, for defendant in error.

Opinion by RUMMONS, C. This is an action in ejectment brought by the plaintiffs in error against the defendant in error to recover possession of certain real estate in Okfuskee county alleged to be wrongfully withheld from the plaintiffs by the defendant, and to quiet the title of plaintiffs to said tract of land. The parties will be referred to herein as they appeared in the court below. A jury having been waived by the parties, the cause was tried by the court, resulting in a judgment for the defendant to reverse which the plaintiffs prosecute this proceeding in error.

The sole question involved in this appeal is the sufficiency of the evidence to support the judgment of the court. It is assumed by the plaintiffs that this is an action of purely equitable cognizance, and that therefore this court should review the evidence and render such judgment as the trial court should have rendered thereon. The petition alleges that the defendant is in possession of the real estate and wrongfully withholds the same from the plaintiffs, in whom, the petition alleges, title to said tract of land is vested. The petition also prays that title to said tract of land be quieted in plaintiffs as against the defendant, and it is argued that this renders this action one in equity and that the prayer for possession of the real estate is a mere incident to the quieting of the title. We think the converse of this proposition is true; that the action is an action at law to recover specific real property, and that the quieting of the title in plaintiffs is a mere incident which would follow a recovery by plaintiffs in the action.

This state having adopted the Code system, the distinction between actions at law and suits in equity has been abolished, and there is in this state but one form of action called a "civil action." Section 4650, Rev. Laws 1910. While the distinction between actions at law and suits in equity has been abolished, the rules of the common law and the principles of equity have been administered by the courts of the state under the Code, and the language used by the courts with reference to a review of the evidence in the trial court might indicate that the distinction between actions at law and suits in equity is still retained in our system of procedure. We think, however, that the true rule in determining the weight to be given the judgment of the trial court upon conflicting evidence should turn upon the question of whether or not the cause was one properly triable by the court or one properly triable to a jury. It has long been well settled that the verdict of a jury upon conflicting evidence will not be disturbed by this court upon appeal and that the judgment of a trial court in an action properly triable by a jury has the same effect as the verdict of a jury; and where there is competent evidence which reasonably sustains the judgment of the court, although based upon conflicting evidence, the same will not be disturbed upon appeal. Franklin v. Wright, 42 Okla. 17, 140 Pac. 403, and cases there cited.

Section 4993 of the Code provides:

"Issues of law must be tried by the court, unless referred. Issues of fact arising in actions for the recovery of money, or of specific real or personal property, shall be tried by a jury, unless a jury trial is waived, or a reference be ordered, as hereinafter provided."

Under the provisions of this section, the plaintiffs seeking to recover specific real estate, the action was properly triable to a jury, and it seems to have been so regarded by the parties, since the record discloses that both parties waived a jury trial. This cause having been tried by the court upon a waiver of jury, the judgment of the court has the same effect as the verdict of a jury.

The sole issue in this case turned upon the question of whether or not a common-law marriage subsisted between plaintiff Salina Mitchell and Yunah Lasley, the deceased Creek allottee, under whom both parties claim, and whether or not the plaintiff Salina Mitchell was the widow of said allottee and the plaintiff Kizzie Lasley was the daughter of the said allottee. We have carefully examined the evidence set out in the briefs of plaintiffs and defendant, and find the evidence of plaintiffs and of defendant in absolute conflict. There is, however, sufficient evidence in the record to reasonably sustain the findings of the trial court, and, under the rule frequently announced by this court, the findings of the trial court will not be disturbed.

The judgment should be affirmed.

By the Court: It is so ordered.