**WORD et al. v. NAKDIMEN et al.**

No. 9226—Opinion Filed Dec. 24, 1918.

Rehearing Denied Feb. 11, 1919.

(178 Pac. 257.)

1. **Pleading—Counterclaim — Waiver of Objection.**

Where a counterclaim for damages on account of an alleged wrongful attachment is set up in the answer, the plaintiff, by filing a reply, thereby joins issue thereon, and waives the objection that such damages were not proper subjects for counterclaim in the action.

2. **Jury — Right to Jury Trial — Statute — Civil Action.**

In civil actions under the Code, the right to

a trial by jury is governed solely by section 4993, Rev. Laws 1910, and the distinction heretofore existing between law actions and suits in equity is immaterial in the determination of this right. When the pleadings disclose that an issue of fact has arisen in any civil action for the recovery of money, or of specific real or personal property, such issue must be tried by a jury, unless a jury is waived or a reference ordered, as provided by other provisions of the Code. Childs et al. v. Cook et al., 68 Okla. 240, 174 Pac. 274.

(Syllabus by Galbraith, C.)

Error from District Court, Sequoyah County; John H. Pitchford, Judge.

Action by I. H. Nakdimen against Frank N. Johnson, T. M. Word, Frank N. Johnson, and T. M. Word, doing business under the firm name of Word & Johnson, Ruth Word, and R. M. Childs. Judgment for plaintiff, and defendants T. M. Word, Ruth Word, and R. M. Childs bring error. Reversed and remanded, with direction to grant a new trial.

J. E. Wyand, B. Broaddus, and McCombs & McCombs, for plaintiffs in error.

W. L. Curtis and Kimpel & Dailey, for defendants in error.

Opinion by GALBRAITH, C. This appeal is from the judgment of the trial court rendered in an action instituted by the payee of a promissory note against the makers and indorsers for judgment in the principal sum, interest, and attorney's fees, and to cancel a conveyance of real estate. It is alleged in the petition that the makers and indorsers of the note—

"for a good and valuable consideration, consisting of a contract to convey certain real estate, * * * on the 14th day of April, 1914, made out and executed their certain promissory notes to the plaintiff, I. H. Nakdimen, in which they agreed to pay to the said I. H. Nakdimen,, $350 January 1, 1915, $500 January 1, 1916, $500 January 1, 1917, $500 January 1, 1918, and $500 January 1, 1919; that the first of said notes, to wit, $350, was paid at maturity, and that each of the remaining notes, together with the interest thereon from October 14, 1914, at 7 per cent. per annum, is yet due and unpaid; and that the said note for $500, together with 7 per cent. interest thereon which matured on the 1st day of January, 1916, is now long past due and unpaid, and that demand has been made therefor and refused, copies of said notes, together with indorsements thereon are hereto attached, marked 'Exhibits A, B, C. and D,' respectively, and made a part of this petition."

This paragraph was amended at the trial by interlineation, as follows:

"And the note which matured January 1, 1917, is also now past due and unpaid."

The petition further alleged that the defendant T. M. Word is about to convert his property, or a part thereof, for the purpose of placing it beyond the reach of his creditors, or has assigned, removed, or disposed of, or is about to dispose of, his property, or a part thereof, with the intent to defraud, hinder, or delay his creditors, and that in furtherance of said fraudulent intent he did, on or about the 28th day of September, 1915, attempt to convey part of lot 10, block 20, in the town of Gore, to Ruth Word, his sister, who is a nonresident of the state of Oklahoma, and that said conveyance was without consideration, and was made with the fraudulent intent to delay, cheat, and hinder the creditors of said T. M. Word.

The prayer was for judgment against the partnership and against Word and Johnson, as individuals, for the two notes past due, with interest thereon and 10 per cent. attorney's fee—

"and that said judgment be declared a lien on the property herein described for which said note was given as part of purchase price and for an order of sale, and for an order and decree of the court canceling the purported conveyance of the above-described real estate by the said defendant T. M. Word to the defendant Ruth Word, and for all proper relief."

At the commencement of the action an affidavit and bond was filed and an attachment order issued and the real estate described in the petition was seized thereunder. Personal service was made upon Word and Johnson, and the defendants Ruth Word and R. M. Childs were attempted to be served by publication.

T. M. Word appeared and moved to discharge the attachment for the reason that the grounds therefor set out in the petition and affidavit were not true, 'and for the further reason that he owned ample property to pay the plaintiff's demands. This motion was overruled. The defendants Ruth Word and R. M. Childs appeared and moved to quash service by publication attempted as to them. This motion was overruled.

After various other motions had been presented and passed upon by the court, Johnson filed an answer and cross-petition, in which he confessed most of the allegations of the petition, but set out that the partnership of Word and Johnson had been dissolved by agreement of the parties, and the indebtedness of the plaintiff had been assumed by Word, and that he was not individually liable for the same, and other matters tending to show his release from this indebtedness. The defendants T. M. Word, Ruth Word, and R. M. Childs filed a joint answer, consisting

of a general denial, and a specific denial of the grounds alleged for the attachment. T. M. Word set out that on the 28th day of September, 1915, he conveyed the property seized by the order of attachment to Ruth Word; that this conveyance was based on a good and valuable consideration, and was without intent to hinder, delay, or defraud creditors; that on the 5th day of October, 1915, Ruth Word sold, granted, and conveyed the said property to R. M. Childs for a good and valuable consideration; that Childs took the premises without any notice of any right, lien, or interest the said plaintiff might have therein; that the conveyance was not made with the intent or for the purpose of defrauding, hindering, or delaying the creditors of said Ruth Word or T. M. Word.

The execution of the notes set out in the petition was admitted, and also that the notes were executed in pursuance of the contract of purchase as alleged, and that the title to said property remained in the plaintiff, and was to remain in him until said notes were paid, and then he was to convey the property to the makers of the notes by a warranty deed; that the plaintiff held title to said land as security for said notes; that the premises were of the value of $3,000, and ample and sufficient to secure the plaintiff's debt; that, notwithstanding that fact, the plaintiff caused a writ of attachment to be issued in this cause, and the property conveyed to R. M. Childs to be seized thereunder; that the facts set out in the affidavit for said attachment were not true, and specifically denying the ground alleged therefor.

It was further alleged in the answer that at the time of the issuance of said writ of attachment Word was engaged in the general merchandise business at Gore, Okla.; that by years of industry, honesty, and sobriety he had established a credit in that community, and in the states of Arkansas and Missouri, whereby he could secure merchandise upon reasonable terms of credit; that since the filing of said affidavit, and since the institution of this suit, he had been unable to secure such credit, and had been unable to carry on his business of general merchandising; that his reputation for honesty and integrity had been injured and impaired, and his credit destroyed, and that he suffered actual injury on account thereof in the sum of $1,000, and that by reason of the said false and malicious statements in said affidavit he had been further damaged in the sum of $1,500, and that by reason of the seizure of the property under the order of attachment Childs had been deprived of the rents thereon, in the sum of $450.

The prayer was that the plaintiff take nothing by his action, and that the same be dismissed, at his cost, and that the defendant Word have judgment for damages in the amount alleged to have been sustained by him, and that the defendant Childs have judgment in the sum of $450, the amount of rental that he had lost by reason of the seizure of said property by the attachment order.

To this answer the plaintiff filed a reply, denying generally everything alleged in the answer, except the acknowledgment of the execution and liability upon the notes. When the case was called for trial, the defendants demanded a trial by jury, which was by the court overruled, on the grounds as announced that "this was purely an equitable matter." Exception to this ruling was saved at the time by defendants.

After the defendants had presented a motion for judgment on the pleadings, which was overruled, and exceptions saved, the case proceeded to trial before the court. At the close of the evidence the court rendered judgment for the plaintiff in the sum of $1,000, the face of the two notes described and then past due, and interest thereon, and for 10 per cent. of the amount thereof as attorney's fee, and further decreed that such judgment should be a lien on the real estate described, and that an order of sale be issued if the judgment was not paid within 30 days, and the proceeds of sale applied in satisfaction of the judgment and costs, the excess to be paid into court. The judgment further ordered that the action relating to the attachment and the cancellation of the conveyances should stand continued.

The Words and Childs excepted to this judgment, and have appealed and assign a number of errors. It will only be necessary to consider one of these, namely, the denial of the demand for a jury trial.

It seems clear that under the issues presented by the pleadings the instant case presented an action for the recovery of money, although the answer of the defendants admitted the execution of the notes. One of the remaining issues presented by the pleadings was the claim for damages sustained by reason of the attachment proceedings. Whether the claim for damages was a proper subject for counterclaim in that action need not be determined, as the plaintiff by joining issue thereon waived that question, leaving the claim of damages as an issue of fact in the case when submitted to the court. Brisley et al. v. MaHaffey, 64 Okla. 319, 167 Pac. 984.

Section 4993, Rev. Laws 1910, provides:

"Issues of law must be tried by the court, unless referred. Issues of fact arising in actions for the recovery of money, or specific **real or personal property**, shall be tried by a jury, unless a jury trial is waived or a reference be ordered, as hereinafter provided."

In the recent case of Childs et al. v. Cook et al., 68 Okla. 240, 174 Pac. 274, Mr. Justice Rainey, speaking for the court, said:

"There seems to be some confusion in our decisions as to what issues must be tried by a jury, unless a jury trial is waived, due to the efforts frequently made to distinguish between what were formerly denominated law actions and suits in equity, respectively. Under our Code (section 4650, Rev. Laws of 1910) the distinction between actions at law and suits in equity, and the forms of all such actions and suits, heretofore existing, have been abolished, and in their place there has been substituted but one form of action, called a civil action. The right to a jury trial is governed solely by section 4993, supra, and the distinction heretofore existing between law actions and suits in equity is immaterial in the determination of this right. When the pleadings disclose that an issue of facts has arisen in any civil action for the recovery of money or of specific real or personal property, such issue must be tried by a jury, unless a jury trial is waived or a reference ordered as provided by other provisions of the Code."

The pleadings in the instant case disclose a confusion of actions. The action set out for recovery on the notes was a law action. No issue of fact was raised by the pleadings in that action, the execution of the notes being admitted. The action to cancel the conveyances was an equitable action. However, the pleadings, the answer, and the reply disclose an issue of fact on the question of damages claimed by reason of the attachment proceedings. This presented an issue of fact in an action for the recovery of money, and, under the statute, must be tried by a jury unless a jury was waived or a reference ordered. No reference was ordered and a jury trial was not waived. The denial of a jury to try this issue was a clear violation of a statutory right and was prejudicial error for which a new trial should be ordered. Franklin v. Wright, 42 Okla. 17, 140 Pac. 403, and cases therein cited; also Mitchell et al. v. Gafford, 73 Okla. 152, 175 Pac. 227.

In the action on the notes, the plaintiff would have been entitled to judgment under the state of the pleadings, at the close of the evidence, save for the issue raised in the answer on the claim for damages on account of the attachment. The court had no right to divide the action and to try a part

and continue a part. The cause should have been tried at the same time. No good reason appears for continuing the trial of the issue upon the claim for damages, or the right to the attachment and the cancellation of the deeds. All of these issues were involved in this one lawsuit and it should have been tried as a whole. Only in that way could it be properly determined the effect that one issue submitted had upon another involved and a just judgment rendered.

Wherefore the judgment appealed from is reversed, and the cause remanded, with direction to grant a new trial.

By the Court: It is so ordered.