GILL et al., Adm'rs, v. FIXICO et al.

No. 8872—Opinion Filed Feb. 3, 1920.

(Syllabus by the Court.)

**1. Jury—Right to Jury Trial—Action for Recovery of Real Estate.**

Issues of fact, arising in actions for the recovery of specific real property, shall be tried by a jury, unless a jury is waived; and it is error for the court to refuse a jury in such action upon proper demand therefor.

**2. Same — Effect of Answer Praying for Equitable Relief.**

The fact that the answer in an action for the recovery of the real property prays that the title thereto be quieted in the defendant as against the claims of plaintiffs, does not make the action a non-jury cause, but it remains an action properly triable by a jury under the provisions of section 4993, Rev. Laws 1910.

Error from District Court, Okfuskee County; Geo. C. Crump, Judge.

Action by Narlie Fixico and others against E. W. Gill. Upon death of Gill action revived in the names of A. J. Gill and John A. Price, administrators. Judgment for plaintiffs, and defendant brings error. Reversed and remanded.

Belford & Hiatt, for plaintiffs in error.

C. T. Huddleston, for defendants in error.

PITCHFORD, J. This was an action against E. W. Gill et al. by Narlie Fixico, who alleged that she was a full-blood Creek citizen; that she was the daughter and sole heir of her deceased father's estate; that he, Waitie Sampson, was a full-blood Creek and the son of Elsie Sampson, a full-blood Creek woman; that Elsie Sampson, her grandmother, died intestate, leaving two sons, Johnson and Waitie Sampson, surviving her as sole heirs to her allotment; that her father, Waitie Sampson, died intestate, and that plaintiff was born about two months after her father's death; that after his death, his brother, Johnson Sampson, assuming to be the sole heir to his mother's allotment, conveyed the allotment to defendant E. W. Gill. The object of her suit was to have her heirship determined, and herself decreed heir to her father's one-half interest in the allotment in question. Also

to have the conveyances from her uncle, Johnson Sampson, to E. W. Gill so reformed as to vest in Gill only an undivided one-half interest in said allotment, and for partition to same. She also asked that C. T. Huddleston, her attorney, be decreed a one-half interest in her portion of the allotment under a conveyance contract from her; and that she have judgment against Gill for rents during the time he had held said allotment under his deeds from her uncle, Johnson Sampson.

The defendant Gill answered, denying that Narlie Fixico had any interest in said land, thus putting her allegations in issue, also filing a cross-petition claiming fee simple title to said allotment under his deeds from Johnson Sampson; and further affirmatively alleging that Narlie Fixico claimed an interest in said land by reason of an alleged heirship which he denied; that C. T. Huddleston claimed an interest in said land by reason of a certain contract in writing with plaintiff, the validity of which he denied; and that said claims of plaintiff and C. T. Huddleston constituted a cloud upon his (the defendant's) title, wherefore he asked affirmative relief removing such cloud and cancelling the conveyance from Narlie Fixico to Huddleston and clearing his title of all cloud upon it.

There were other parties to the suit, whose interests, however, are immaterial to a determination of the issues between Narlie Fixico and E. W. Gill. When the case came on for trial, the defendant Gill asked for a jury as a matter of right under section 4993, Rev. Laws 1910. The court refused the request, tried the case without a jury, and rendered judgment decreeing a one-half interest in the allotment to Narlie Fixico, a one-half interest in her portion to C. T. Huddleston, and the remaining one-half interest to defendant; also ordering a cancellation of defendant's deeds, in so far as they affected the title of Narlie Fixico and C. T. Huddleston, and ordering a partition of the land. As to the rents, the court found that the value of the improvements placed upon the land by the defendant exceeded the amount of rents by $60, and ordered plaintiff to pay the sum of $60 into court for the benefit of defendant, which was done. From the judgment thus rendered, the defendant Gill appealed. Only two propositions are presented:

(1) That the court erred in refusing to submit the case to a jury.

(2) That the evidence is insufficient to support the judgment.

Under the first proposition, Gill contends, in effect, that the action being primarily for the recovery of specific real property, he, as a matter of right, under section 4993, Rev. Laws 1910, was entitled to a jury. The statute in question reads as follows:

"Issues of law must be tried by the court, unless referred. Issues of fact arising in actions for the recovery of money, or of specific real or personal property, shall be tried by a jury, unless a jury trial is waived, or a reference be ordered, as hereinafter provided."

It will be observed that the foregoing section provides that "issues of law" must be tried by the court unless referred, and "issues of fact" shall be tried by a jury unless a jury trial is waived, or a reference be ordered. Here are two distinct provisions, each designed for and providing for a distinct class of issues; the former prescribing what must be done with "issues of law," the latter prescribing what shall be done with "issues of fact." They are equally clear and specific, and if the latter provision be mandatory, which has been held by the courts, then the former is equally mandatory. Now, with these two classes of issues thus distinctly separated and the procedure thus clearly prescribed, there should be but little difficulty in determining the proper procedure in a given case. The fact that the action may be for the recovery of specific real property, or that the primary purpose of the same be for the recovery of specific real property, does not render the issues of law triable by a jury any more than if the action were for any other purpose. Issues of law in all cases, whether the action be for the recovery of specific real property or for any other purpose, must be tried by the court. The court is the interpreter and final arbiter and judge of the law in all cases, and is so constituted by the statute under consideration. And so far as the trial of issues of law are concerned, it is immaterial whether it be the legal or equitable title involved, or whether it be a suit in equity or an action at law. Issues of law arising in either case must be tried by the court. On the other hand, where an issue of fact that is a disputed question of fact arises in an action at law, such issue of fact shall be tried by a jury unless a jury is waived. But this does not mean that every fact is to be submitted to a jury. It is not the fact itself that is submitted to the jury, but it is the question whether a fact exists that is to be tried by a jury. It is the issue whether a disputed allegation is a fact or a falsehood that is to be tried by a jury. The only

province of the jury in such case is to determine from the evidence whether or not a fact exists, whether a disputed allegation is true or untrue, whether a fact or a falsehood has been alleged, and having determined from the evidence that a fact exists or does not exist, it has fulfilled its mission and, so far as the statute provides, has reached the limit of its jurisdiction in the case. It has done all that the statute requires it to do, or authorizes it to do. It has "tried the issue of facts." It has nothing to do with the issues of law nor with the application of the law to the fact thus found, nor with a determination of the rights of the parties. The special right provided for in the statute is, in a case where there is an issue of fact arising in actions for recovery of specific real or personal property, and where testimony is required to settle the dispute, that either party is entitled, as a matter of right, to have a jury hear and weigh the evidence, to judge the credibility of the witnesses, and to determine the existence or non-existence of the disputed facts instead of having the court to do so. In such case, it is the jury who weighs the evidence instead of the court. It is the province of the jury to adjudge the credibility of the witnesses. It is also their province to determine whether a disputed allegation is or is not established by the evidence, and when the issues of fact are settled by the jury, the requirements of the act have been fully met. After the jury has determined the facts, then the court applies the law and determines the legal rights of the parties according to the facts thus found by the jury.

This being an action for the recovery of specific real property, we will notice some of the facts arising. In order for plaintiffs to recover, they were required to establish the existence of such facts, and either party under the statute had a right to have the jury say by their verdict whether or not the same had been established. It was a question of fact whether or not Waitie or Waitie Bruner was the son of Elsie Sampson; whether Waitie and Munner Coon lived together as husband and wife under the laws, usuages, and custom of the Creek Nation; whether Narlie Fixico was the daughter of Waitie; and whether or not she was born in lawful wedlock. It was also a question of fact in what county Elsie Sampson had her residence at the time of her death. We do not wish to be understood as holding that there were no other questions of fact involved. We enumerate the foregoing as being, in our judgment, the main

questions that had to be settled before the plaintiffs would be entitled to recover.

Plaintiffs contend that, inasmuch as Narlie Fixico had pleaded in her petition a right to the possession of the property sued for, and joined thereto an equitable cause of action for partition and quieting title in the real estate, and the defendant had set up, in addition to his answer to the legal cause of action, an equitable cause of action in his cross-petition against both Narlie Fixico and C. T. Huddleston, invoking equitable jurisdiction to quiet his title thereto and his possession thereof, and the cancellation of the contract between C. T. Huddleston and Narlie Fixico, therefore, there being both legal and equitable causes of action involved in the same suit, it was in the discretion of the court to try the equitable issues first and dispose of them before the legal causes of action were submitted, and if, after the disposition of the equitable cause, there still remained anything of the legal cause of action not disposed of, then it was the duty of the court to submit the legal cause of action under proper instructions to the jury. The record fails to bear out this contention. In the colloquy between the court and counsel prior to the introduction of evidence, the court made this significant statement: "There is but one issue to try, that is, whether or not Narlie Fixico is the daughter of Waitie or Sam." As we view the pleadings and the evidence, that really was the controlling issue. The condition precedent on the part of the plaintiff was to establish the allegations of her petition, that she was related, as alleged, to the deceased allottee. The prayer of plaintiff for partition and quieting title could not be considered until the main fact of whether or not the plaintiff Narlie Fixico was an heir of the deceased allottee, as she alleged, was determined. This part of the prayer was purely incidental, and the defendant was entitled to have the jury pass upon the fact as to whether or not the plaintiff was an heir of the deceased allottee, and the prayer of defendant to have his title quieted as against the plaintiff was incidental to the main or chief purposes of the action. If the plaintiff failed to establish her heirship and it appeared that she had no title to any portion of the allotment, then, as a matter of course, she conveyed no interest by reason of the conveyance to her coplaintiff, Huddleston. In that event, it would then follow that the defendant would be entitled to have the deed from Narlie Fixico to Huddleston can-

celed, and to have his title cleared as against the claim of the plaintiff.

In Mitchell v. Gafford, 73 Oklahoma, 175 Pac. 227, the first paragraph of the syllabus is as follows:

"The fact that the petition in an action for the recovery of real property prays that the title to the real estate sought to be recovered be quieted in the plaintiffs, does not make the action a nonjury cause, but it remains an action properly triable by jury under the provisions of section 4993, Rev. Laws 1910."

We quote from the body of the opinion as follows:

"The petition alleges that the defendant is in possession of the real estate and wrongfully withholds the same from the plaintiffs, in whom, the petition alleges, title to said tract of land is vested. The petition also prays that title to said tract of land be quieted in plaintiffs as against the defendant, and it is argued that this renders this action one in equity and that the prayer for possession of the real estate is a mere incident to the quieting of the title. We think the converse of this proposition is true; that the action is an action at law to recover specific real property, and that the quieting of the title in plaintiffs is a mere incident which would follow a recovery by plaintiffs in the action."

The rule there announced is equally applicable to an answer by the defendant asking that his title be quieted as against plaintiffs.

In Baldridge v. Sunday, 73 Oklahoma, 176 Pac. 404, the first paragraph of the syllabus is as follows:

"In an action of ejectment, notwithstanding the defense may be equitable, the defendant is entitled to a jury trial on any material issue of fact raised by the pleadings and the evidence."

In the case of Childs et al. v. Cooke et al., 68 Oklahoma, 174 Pac. 274, Mr. Justice Rainey, speaking for the court, said:

"There seems to be some confusion in our decisions as to what issues must be tried by a jury, unless a jury trial is waived, due to the efforts frequently made to distinguish between what were formerly denominated law actions and suits in equity. Under our Code (sec. 4650, Rev. Laws 1910), the distinction between actions at law and suits in equity and the forms of all such actions and suits heretofore existing have been abolished, and in their place there has been substituted but one form of action, called a civil action. The right to a jury trial is governed solely by section 4993, supra, and the distinction heretofore existing between law actions and suits in equity is immaterial in the determination of this

right. When the pleadings disclose that an issue of fact has arisen in any civil action for the recovery of money or of specific real or personal property, such issue must be tried by a jury unless a jury is waived, or a reference ordered, as provided by other provisions of the Code."

To the same effect, see Word et al. v. Nakdimen et al., 74 Oklahoma, 178 Pac. 257. In vol. 24, Cyc. of Law and Procedure, p. 109, it is said:

"While courts of equity have jurisdiction to protect and enforce equitable titles, and may in certain cases try suits to quiet title or remove cloud without the intervention of a jury, questions as to the legal title to land are of right triable by jury, and this right cannot be abrogated by statute or avoided by bringing an action which is in effect an action of ejectment in the form of a suit in equity."

In the case of Atkinson et al. v. Crowe Coal & Mining Co., 80 Kan. 161, the court says:

"The rule that actions for the trial of title to real estate shall be tried to a jury has always been favored, and with practical unanimity has been upheld by the courts. The difficulty encountered in the enforcement of this rule consists chiefly in determining whether or not the action under consideration comes within the rule. The test upon this question which has been generally followed is that, where the real object of the action, whatever its form, appears to be to settle a disputed question of title, then either party may demand a jury as a matter of right; if, on the other hand, the purpose is to obtain proper equitable relief, then the chancellor may administer it, even though it involves an examination of title."

In the absence of a careful examination of the facts in the two cases, it might appear that this opinion contains expressions in conflict with the opinion in the case of Matthews et al. v. Sniggs et al., rendered July 1, 1919, 75 Okla. 108, 182 Pac. 703, but we believe a careful reading of this latter opinion will demonstrate there is no conflict. The relief sought in that case was different from that sought in the instant case. In the body of the opinion, Mr. Justice Sharp, in delivering the opinion of the court, uses the following language:

"The right to trial by jury in an action at law in which an equitable defense is interposed depends on whether the effect of such defense is to convert the action into an equitable suit. There is, as heretofore observed, a distinction between an equitable defense set up merely for a strictly defensive purpose and an equitable defense interposed for the purpose of securing affirmative equitable relief. The former does not

change the mode of trial in an action at law; the latter, constituting in itself a cause of action, is to be tried in the same manner as if it had been instituted as a separate suit. And so, where the defendant's allegations amount to a cross-action or counterclaim, on which, but for the statute authorizing equitable defenses and cross-actions, he would have to maintain a separate suit in equity for affirmative relief, such cross-action is treated like any other suit in equity, and issues arising thereon are triable by the court."

Neither is the decision herein in conflict with Moore v. Stanton, 77 Okla. 41.

It is unnecessary for us to pass upon the remaining assignment, to the effect that the evidence is insufficient to support the judgment, as in our opinion the court committed reversible error in refusing to submit the case to a jury. The judgment of the lower court is reversed, and the cause remanded for a new trial.

OWEN C, J., and JOHNSON, McNEILL, and HIGGINS, JJ., concur. KANE, J., concurs in the conclusion.