## MYERS et al. v. DENISON et al.

No. 13922—Opinion Filed Oct. 21, 1924.

Rehearing Denied Nov. 25, 1924.

**1. Jury—Waiver of Jury Trial—Constitutional Provision.**

Article 7, sec 20, of the Constitution of the state of Oklahoma provides: "Trial by jury waived. In all cases of fact joined in any court, all parties may waive the right to have the same determined by a jury, in which case the finding of the judge upon the facts shall have the force and effect of a verdict by jury."

**2. Appeal and Error—Questions of Fact—Findings—Conclusiveness.**

Where a case is tried to the court without the intervention of a jury, and special findings of fact are made, and those facts are based upon oral testimony, in this court such findings are conclusive upon any disputed or doubtful questions of fact.

**3. Same—Effect of Waiver of Jury.**

Where a jury is waived, and the cause submitted to the trial court, the same rule that is applied to a verdict of a jury in reviewing such verdict on appeal is applied to the judgment of the court acting in lieu of a jury; and such findings, when reasonably supported by the evidence in the case, are conclusive upon the Supreme Court on all doubtful and uncertain questions of fact.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Kiowa County; Thomas A. Edwards, Judge.

Action by W. H. Myers et al. against John

E. Denison, Court Clerk of Kiowa County, et al. Judgment for defendants, and plaintiffs appeal. Affirmed.

Tolbert, Hunter & Tolbert and Wantland, Dickey & Glasco, for plaintiffs in error.

George L. Zink and Clayton Carder, for defendants in error.

Opinion by RUTH, C. This action was filed in the district court of Kiowa county, by the plaintiffs in error against the defendants in error, and for convenience the parties will be referred to as they appeared in the trial court.

The plaintiffs allege they are residents of the state of Texas and in January, 1918, they deposited $2,000 in the First National Bank of Hobart, and said bank issued its certificate of deposit and delivered the same to John E. Denison, court clerk of Kiowa county, Okla., as cash bond for the appearance of W. J. Belcher, who was charged with the violation of three certain penal statutes of Oklahoma; that Belcher appeared according to the terms of the bonds; that one of the cases against Belcher was tried and the other two dismissed prior to 28th day of November, 1919, and the bond was exonerated; that the American Surety Company was surety on the official bond of John E. Denison; that plaintiffs have demanded the return of the money so deposited, and the defendant Denison refused to return the same, and they pray judgment against the defendant Denison and the American Surety Company in the sum of $2,000, with interest from the 28th day of November, 1919.

Defendants answer by general denial, and further answering allege that the certificate of deposit was delivered to Denison as court clerk by L. M. Keys, attorney for Belcher, in the three criminal cases then pending, as cash bail bond, the bonds being $1,000, $500, and $500, respectively, and Belcher personally executed appearance bonds in the cases, and upon the face of the bonds so executed it was noted that the money "was deposited in lieu of bail"; that Denison had no knowledge that plaintiffs had any interest in the money so deposited and believed the money was the property of Belcher, and on October 8, 1919, after Belcher was acquitted of one charge, Denison, upon demand of Belcher, paid Belcher $1,080, the $80 being accrued interest on the deposit of $2,000, and on November 28, 1919, after the other charges were dismissed, the defendant Denison paid upon demand the balance of $1,000 to Belcher, and prior to the payment of the money to Belcher, the

plaintiffs made no demand of defendant Denison that the money be paid to plaintiffs, nor served notice upon defendant that they were interested in the money.

After reply filed, a jury was waived, and the cause tried to the court. It was stipulated that the certificate of deposit was delivered to Denison by L. M. Keys, and the money paid to Belcher. After hearing the oral testimony of witnesses, the court made certain findings of fact and conclusions of law, to which plaintiffs excepted. Judgment was rendered for defendants and plaintiffs appeal.

Plaintiffs present their assignments of error under two general heads, viz., First, complete and adequate notice was given, and defendant John E. Denson, court clerk, had full knowledge of the fact that the moneys deposited as bail were not the property of W. J. Belcher; second, where one has knowledge of the fact that third parties are depositing money in lieu of bail, the official accepting said money is put upon such notice as to require him to ascertain the true owner of the money before disbursing it.

Defendants set forth two sections of the laws of Oklahoma as follows:

Section 6108, Rev. Laws 1910:

"A deposit of the sum of money mentioned in the order admitting to bail, is equivalent to bail, and upon such deposit the defendant must be discharged from custody."

Section 5796:

"If the court do not direct the case to be further prosecuted, the defendant, if in custody, must be discharged, or if admitted to bail, his bail is exonerated, or if he have deposited money instead of bail, the money must be refunded to him."

Plaintiffs admit in their brief that if the money was put up by the accused in lieu of bail, the money must be returned to the accused when the cases are dismissed, so this case resolves itself into a simple question as to whether the defendant Denison, prior to refunding the money to Belcher, had any knowledge of the fact that plaintiffs put up the money, or had any notice of the fact that plaintiffs claimed any interest in the money.

The only testimony as to notice to Denison as to who was putting up the money was adduced from plaintiffs' witness L. M. Keys, attorney for Belcher, the accused, and Keys testified he did not tell Denison who was putting up the money as he did not know himself; that he had an arrangement with some friends of Belcher's by which they

would furnish the money; that he did not remember for sure whether the money was sent to him direct or whether it was sent to the First National Bank; that his memory was not very clear as to the transaction of the details, and did not remember the language used by Denison or himself. The defendant Denison testified positively that he had no notice or knowledge of the fact of the ownership of the money until this action was filed. and believed it was money raised or procured by the accused. Belcher. and belonged to Belcher. and Belcher testified that he received the money from Denison.

Article 7, sec. 20, of the Constitution of the state of Oklahoma, provides:

'Trial by jury waived, in all cases of fact joined in any court, all parties may waive the right to have the same determined by a jury; in which case the findings of the judge upon the facts shall have the force and effect of a verdict by jury.''

In a long line of decisions this court has held:

"Where a case is tried to a court without the intervention of a jury, and special findings of fact are made, and those findings are based upon oral testimony, in this court, such findings are conclusive upon any disputed or · doubtful questions of fact." McCann et al. v. McCann et al, 24 Okla. 264, 103 Pac. 694; Seward v. Casler et al., 24 Okla. 275. 103 Pac. 740; Alcorn et al. v. Dennis, 25 Okla. 135, 105 Pac. 1012; Runyan v. Fisher, 28 Okla. 450. 114 Pac. 717; Hausan v. Parker. 31 Okla. 399, 121 Pac. 1063; Cowles v Lee. 35 Okla. 159, 128 Pac. 688; Scoville et ux. v. Powell et al.. 33 Okla. 446, 126 Pac. 730; Patchell v. Garvin. 66 Okla. 184. 168 Pac. 423.

Where a jury is waived and the cause submitted to the trial court the same rule that is applied to a verdict of a jury in reviewing such verdict on appeal is applied to the judgment of the court, acting in lieu of a jury, and such findings, when reasonably supported by the evidence in the case, are conclusive upon the Supreme Court upon all doubtful and uncertain questions of fact. Beard v. Herndon, 84 Okla. 142, 203 Pac. 226; Anicker v. Doyle. 84 Okla 62, 202 Pac. 281; Leiberman v. Merring-Martin and Boise Co.. 84 Okla. 168, 203 Pac. 1045; Gaines Bros. and Co. v. Citizens Bank of Henryetta, 84 Okla. 265, 204 Pac. 112; Denison v. Phipps, 87 Okla. 299, 211 Pac. 83; Smith. v. Lindsey, 91 Okla. 8, 215 Pac. 791.

The court having found as a matter of fact that defendant Denison had no knowledge as to who put up the money or to whom it belonged, that he had no knowledge, at the time of disbursing the money to Bel-

cher. that plaintiffs claimed any interest in the money, and that plaintiffs never claimed the money prior to its disbursement to Belcher. the judgment of the court will not be disturbed, and for the reasons herein stated the judgment of the trial court should be affirmed.

By the Court: It is so ordered.