## LIKOWSKI v. CATLETT et al.

No. 18010.   Opinion Filed Feb. 28, 1928.

Rehearing Denied March 20, 1928.

(Syllabus.)

1. **Jury—Issues Triable by Jury—Ejectment Action Joined with Action to Cancel Deeds.**

Where a suit is maintained in the nature of ejectment and joined with an action for the cancellation of deeds of conveyance, held, by reason of section 532, O. O. S. 1921, the cause of action being primarily for the recovery of real estate, the issues of fact were properly triable by a jury.

2. **Appeal and Error—Questions of Fact—Conclusiveness of Findings Where Jury Waived.**

In such an action, a jury being waived and findings of fact being made by the court and there being competent evidence supporting such findings, the same are conclusive upon any disputed or doubtful question of fact.

3. **Deeds—Grantor's Acknowledgment as Adoption of Signature by Another.**

Where, in a deed executed in 1910, grantor's name was written by another who signs his own name as a witness to the signature of the grantor together with another witness, the certificate by the notary of grantor's acknowledgment is sufficient compliance with the statute, as such an acknowledgment by the grantor is an adoption of the signature.

4. **Insane Persons—Capacity to Convey—Persons of Unsound Mind but not Judicially Determined.**

The deed of a person whose mind is unsound, but who is not entirely without understanding, made before incapacity is ju-

dicially determined, is not void, but voidable and passes title.

Error from District Court, Okfuskee County; John L. Norman, Judge.

Action by Lillie Likowski, as guardian of the person and estate of Sallie Hinton, in the nature of ejectment, joined with an action for cancellation of deeds of conveyance and for accounting, against H. B. Catlett et al. Judgment for defendants, and plaintiff appeals. Affirmed.

Lewis C. Lawson and W. T. Banks, for plaintiff in error.

Phillips, Douglass & Duling and Hagan & Gavin, for defendants in error.

RILEY, J. This is a suit at law in the nature of ejectment for the recovery of real property joined under the statute with an action in equity for the cancellation of deeds of conveyance and an oil and gas lease. All defendants in error, defendants below, except A. L. Sanford and Atlantic Oil Producing Company, are nominal parties and have filed disclaimers. The action was brought by Lillie Likowski, as guardian of the person and estate of Sallie Hinton, to recover the southwest ¼ of the northwest ¼ of section 35, township 11 north, range 11 east, Okfuskee county, containing 40 acres.

It was alleged that defendants below had possession of the land and collected the rents and profits, both agricultural and mineral. The prayer was for immediate possession, quieting of title, and accounting. A jury was waived and the cause submitted to the court. The court made the following findings of fact:

"(1) Concerning guardianship of Sallie Hinton—that Sallie Hinton was declared an incompetent person on January 20, 1925.

"(2) That Sallie Hinton is now about 90 years of age, a Creek freedwoman, a citizen of the Creek Nation of Indians duly enrolled, and that the land in controversy was allotted and patent issued to her.

"(3) That on the 19th day of November, 1910, while the owner was in the possession of the lands hereinabove described, the said Sallie Hinton, nee Smith, joined by her husband, Phillip Hinton, executed, acknowledged and delivered to the defendant I. H. Cunningham, a deed, warranty in form, covering said lands, for a recited consideration therein of $450, which deed was duly recorded in the office of the county clerk of Okfuskee county, Okla.

"(4) That by mesne conveyances A. L. Sanford became and now is the record owner of the fee-simple title in said lands subject to an existing oil and gas lease executed by Sanford, and subsequently assigned to Atlantic Oil Producing Company. That Sanford is now in open adverse possession of the land subject to the oil and gas lease under which oil and gas is now being produced.

"(5) That the fair and reasonable market value of the fee-simple title and estate in and to said lands on the 19th day of November, 1910, at the time of the execution, acknowledgment and delivery of said deed by said Sallie Hinton and husband to said I. H. Cunningham, was $350.

"(6) That the said deed from said Sallie Hinton, nee Smith, and husband, Phillip Hinton, to said I. H. Cunningham, was executed by said Sallie Hinton and Phillip Hinton by mark, but each of said grantors duly acknowledged the execution of said deed before a notary public on the 19th day of November, 1910, in the form and manner as required by the laws of the state of Oklahoma, then in force and effect.

"(7) That the sum of $450, recited in said deed as the consideration therefor, was a fair and reasonable value at that time for the fee-simple title and estate in and to said lands, said lands at that time having no known value for oil, gas or other minerals; whether the entire amount of said consideration therefor was paid by said I. H. Cunningham the court is unable to say from the testimony; that the substantial portion of same was paid and said Sallie Hinton received the benefit therefor.

"(8) That Cunningham went into possession of the land under his deed and subsequently conveyed to Freeman who conveyed to Sanford.

"(9) That on the 19th day of November, 1910, and at the time of the execution, acknowledgment and delivery of the aforesaid deed from said Sallie Hinton, nee Smith, and her husband, Phillip Hinton, to said I. H. Cunningham, the said Sallie Hinton and Phillip Hinton were old, ignorant and illiterate negroes, and unused to and unfamiliar with business transactions in general, neither of them being of strong mental capacity, but neither of them being entirely without understanding, and there was no judicial determination of any mental incapacity of said Sallie Hinton until the decree of the county court of Okfuskee county, Okla., on the 20th day of January, 1925, and there is no evidence in the record that there was ever any judicial determination of any mental incapacity of said Phillip Hinton.

"(10) That the defendant A. L. Sanford was and is an innocent purchaser of said lands from said A. W. Freeman for a good and valuable consideration, to wit: the sum of $1,500, fully paid, and without notice or knowledge, actual or constructive, of any alleged fraud in the procurement of said deed of November 19, 1910, by said I. H. Cun-

ningham from the said Hintons, or any alleged mental infirmity or incapacity on the part of said Hintons, or either of them, at the time of the execution, acknowledgment, and delivery of said deed to said Cunningham; and that the said defendant Atlantic Oil Producing Company was and is an innocent purchaser of said L. T. Newlon oil and gas lease hereinabove referred to on lands for a good and valuable consideration, fully paid, and without any notice or knowledge, actual or constructive, of any alleged fraud in the procurement of the said deed of November 19, 1910, or any alleged mental infirmity or incapacity on the part of said Hintons at the time of the execution, acknowledgment and delivery of said deed to said Cunningham."

The conclusions of law made by the court in effect were that A. L. Sanford is the owner of the fee-simple title to the lands involved, subject only to the oil and gas lease executed September 29, 1919, to Newlon and assigned to Atlantic Oil Producing Company. That the oil and gas lease is a valid and existing lease with privileges now obtaining. That plaintiff has no right, title, or· interest in or to said lands, and that defendants Sanford and Atlantic Producing Oil Company are entitled to have their titles quieted. Journal entry of judgment was entered accordingly.

In determining this action it is necessary at the outset that we decide the nature of it, to ascertain whether it is to be measured by the rules applicable to an action at law or equity—for if it be an equity proceeding, this court will weigh the evidence and render the judgment that the trial court should have rendered, whether it be in affirmance or reversal. Fontenot v. White, 115 Okla. 248, 242 Pac. 854; Schock v. Fish, 45 Okla. 12, 114 Pac. 585. But if the action be one at law, under the rule applicable, we will not weigh the evidence, but ascertain only whether there is any competent evidence reasonably supporting the judgment, and if such evidence is so found, the judgment must be affirmed. Aldridge v. Anderson, 115 Okla. 131, 240 Pac. 99; Mitchell v. Gafford, 73 Okla. 152, 175 Pac. 227; Board of County Commissioners v. Baxter, 113 Okla. 280, 241 Pac. 752; Okla. Prod. & Ref. Corp. v. Penok Oil Co., 118 Okla. 170, 247 Pac. 667; Jackson v. Turner, 107 Okla. 167, 231 Pac. 290; Myers v. Denison, 104 Okla. 208, 230 Pac. 742.

In Mitchell v. Gafford, supra, it was held:

"The fact that the petition in an action for the recovery of real property prays that the title to the real estate sought to be recovered be quieted in the plaintiff's does not make the action a nonjury case, but it remains an action properly triable by jury under the provisions of section 4993, R. L. 1910 (sec. 472, C. O. S. 1921)"

And:

"The judgment of a trial court in an action properly triable by jury has the same force and effect in this court as the verdict of the jury, and where there is competent evidence which reasonably tends to support it, such judgment, though based on conflicting testimony as to an issue of fact, will not be disturbed."

While appellant argues that the possession of the real estate is a mere incident to the quieting of title, we hold the converse is true. The action is one at law to recover specific real property. The quieting of title as sought by plaintiff below is a mere incident which would have followed a recovery by plaintiff had she prevailed. Word v. Nakdimen, 74 Okla. 232, 178 Pac. 257; Gill v. Fixico, 77 Okla. 151, 187 Pac. 474; Lively v. Butler, 108 Okla. 227, 236 Pac. 18; Hill v. Wilson, 127 Okla. 171, 260 Pac. 4; Adams v. Hoskins, 126 Okla. 62, 259 Pac. 136.

This being primarily an action to recover real estate, by reason of section 532, C. O. S. 1921, the issues of fact arising were properly triable by a jury; that right having been specifically waived, the measure remains the same, that measure is the law rule. See Gill v. Fixico, supra, and Balbridge v. Sunday, 73 Okla. 287, 176 Pac. 404, to the effect that a suit for recovery of real estate remains a law action notwithstanding the defense may be equitable.

The rule has often been announced that:

"Where a case is tried to the court without the intervention of a jury, and special findings of fact are made, and those facts are based upon oral testimony, in this court such findings are conclusive upon any disputed or doubtful question of fact." Myers v. Denison, supra; McCann v. McCann, 24 Okla. 264, 103 Pac. 694; Alcorn v. Dennis, 25 Okla. 135, 105 Pac. 1012; Runyon v. Fisher, 28 Okla. 450, 114 Pac. 717; Baker v. Jacks, 112 Okla. 142, 241 Pac. 478.

Having the rule and the finding of facts before us, we now consider the assignments of error, which may well be grouped under the contention that the deed of November 19, 1910, is void (a) because never executed in fact; (b) because never executed in point of law; (c) because executed by grantors without mental capacity to convey; (d) because no consideration was paid, and if paid, it was grossly inadequate and amounted to fraud.

The contentions are contrary to the findings of the trial court, i. e., that the deed

was properly executed, acknowledged, and delivered; that the grantors had legal capacity to convey; that a sufficient and valuable consideration was paid; as well as findings as to innocent purchasers. So, now, under the rule, we must examine the evidence to ascertain whether any competent evidence supports the findings of fact.

The first disputed finding under the assignments of error is No. 3, heretofore set out, relating to the sale of November 19, 1910. Cunningham, grantee, testified that he worked in the bank in Weleetka; that he knew grantors, Sallie Hinton and her husband; that he bought the land from them on that date, and paid for it; that the 40 acres was subject to a mortgage of $380 to R. J. Dixon. The consideration was $450, and the grantors, Sallie Hinton and her husband, were paid the difference in money; that D. W. Johnston took the acknowledgment to the deed; that it was taken in a small room of the bank building; Joe Hughes was there; the deed was signed by mark; Chillie Barnett or Joe Hughes signed grantors' names to the deed; that witness received delivery of the deed and caused it to be placed of record.

The evidence shows an exhibit from the records of the county clerk's office, the deed of November 19, 1910, that Sallie and Phillip Hinton both signed by mark, and Chillie Barnett and Joe Hughes are the witnesses thereto.

This evidence supports the findings that the deed was executed, acknowledged, and delivered.

Cunningham further testified:

"It was customary at that time that the parties signing by mark would hold the pen while the witnesses were signing for them," and that such was done in this case.

It was held in Harris v. Harris, 59 Cal. 620:

"One signing a contract commonly writes his name with his own hand; but if another writes it for him, in his presence and at his request, or especially if he holds the top of the pen while another writes it or makes his mark to his name, which the other has written, or if he acknowledges the signature, however made, to be his own, this is sufficient."

Counsel for appellant urge a strict construction of the statute and rely upon the provisions of section 5277, C. O. S. 1921. This section became a law in May, 1913, by reason of the adoption of the Code. It was then written into the Code as section 1180, R. L. 1910. On November 19, 1910, the date

of the deed under consideration, the matter of signature by mark was governed by section 2965, Snyder's Compiled Laws 1909, which provided that the word "signature," or subscription, included the mark of a person who could not write, provided his name was written near the mark and by one who wrote his name as a witness. At that time and prior to the enactment of section 1180, R. L. 1910, there seemed to be no method prescribed by statute for executing or acknowledging an instrument signed by mark. However, the rule is well established in this jurisdiction as to such deeds executed and acknowledged prior to the new section so written into the Code by the codifiers, according to their note in R. L. 1910, that an acknowledgment in due from by a competent grantor cures any defect in its execution. The acknowledgment here exhibited at page 399, C.-M., is in usual and due form of that date. The notary testified as to the taking and the regularity of the acknowledgment. Other witnesses corroborated these facts. Such evidence sustains the finding of fact No. 6 of the trial court as to the fact of the execution and acknowledgment of the deed of November 19, 1910.

Furthermore, the fact of the acknowledgment in due form being established as of that date, and provided there exists a competent grantor, notwithstanding there existed defects in the execution, such acknowledgment is considered as curing defects in the execution of such conveyances, Campbell v. Harsh, 31 Okla. 436, 122 Pac. 127; Hill v. Moore, 46 Okla. 613, 149 Pac. 211; Probert v. Caswell, 90 Okla. 67, 215 Pac. 733; Dyal v. Norton, 47 Okla. 794, 150 Pac. 703; Combs v. Lairmore, 106 Okla. 48, 233 Pac. 231.

The rule so stated is:

"An officer's certificate of the grantor's acknowledgment of the execution of a deed filed for record is a sufficient compliance with a requirement of attestation by witnesses to the grantor's signature by mark." (Campbell v. Harsh, 31 Okla. 436, 122 Pac. 127.)

These opinions base their reasoning upon a theory of the grantor's adoption by his act of acknowledgment of the signature written by another. See, also, Ford v. Ford, 27 App. D. C. 401, 6 L. R. A. (N. S.) 442, 7 Ann. Cas. 245.

Appellant relies upon Citizens Bank v. Strickland. 71 Okla. 136, 175 Pac. 506; Sewels v. Taylor, 12 Okla. 47, 69 Pac. 867; Simms v. Hedges, 32 Okla. 687, 123 Pac. 155; Walker Bond & Co. v. Purifier, 32 Okla. 844, 124 Pac. 322; Hill v. Moore, 46 Okla. 613, 149 Pac. 211; Scivally v. Doyle, 50 Okla. 275, 151

Pac. 618; Houston v. State, 114 Ala. 15, 21 So. 813, and insist that there is a conflict in the decisions of this court.

Such is not the case. These Oklahoma cases cited do not deal with acknowledged instruments. These cases were harmonized in Hill v. Moore, cited, and it was there pointed out:

"The reason for holding a deed so executed in this manner and acknowledged to be valid, while a note so executed is held void, is based upon the principle that the acknowledgment by an officer is such an act as to operate as an adoption of the signature, but in the case of a note, there being the absence of an acknowledgment, no such reason exists, and the statute has not been complied with."

So we hold under these authorities cited that the acknowledgment of the deed of November, 1910, by Sallie and Phillip Hinton will be considered as an adoption of their signatures and that the same act cured any defect that might exist in the execution of the deed, this in addition to the presumption existing of a proper acknowledgment by reason of the acknowledgment in due form appearing on the face of the deed. Dyal v. Norton, supra; Wolverine Oil Co. v. Parks, 79 Okla. 318, 193 Pac. 624.

Appellant contends that the mental incompetency of Sallie and Phillip Hinton rendered the deed of November 19, 1910, void, irrespective of the manner of its execution and delivery, and the statute, section 4981, C. O. S. 1921, provides in part that: "A person entirely without understanding has no power to make a contract of any kind." Norris v. Dagley. 64 Okla. 171, 166 Pac. 718; Long v. Anderson, 77 Okla. 95, 186 Pac. 944. The statute means just what it says. The question is, Were the grantors, or either of them, entirely without understanding? The trial court found neither of them to be entirely without understanding, and that there is no judicial determination of mental incapacity of Sallie Hinton until January 20, 1925, and at no time as to Phillip Hinton.

The statute in force at the time of the execution of this deed was substantially the same as section 4982, C. O. S. 1921, and provided that a conveyance or contract of a person of unsound mind, but not entirely without understanding, made before his incapacity had been judicially determined, was subject to rescission as provided by the Code.

The law applicable was construed in Maas v. Dunmyer, 21 Okla. 434, 96 Pac. 591. Mr. Justice Hayes, speaking for the court, said:

"The deed of a person whose mind is unsound, but who is not entirely without understanding, made before his incapacity is judicially determined, is not void, but voidable and passes title so that, when the grantee of such person mortgages the property to one who takes the mortgage in good faith for value without notice of incapacity of the original grantor, the mortgagee thereby obtains a valid lien."

In Adams Oil & Gas Co. v. Hudson, 55 Okla. 386, 155 Pac. 220, it was held:

"The deed of a person whose mind is unsound, but who is not entirely without understanding, made before her incapacity is judicially determined, is not void, but voidable and passes title."

This is not an action to rescind. The sole contention is that the deed of conveyance is wholly void.

At this point it remains to ascertain whether there is any evidence to sustain the finding that neither grantor was not without understanding.

Mr. W. R. Blake, admittedly a disinterested witness, testified like other witnesses that in 1910 he had numerous business transactions with grantors and they transacted their business in a sane and intelligent manner. So testified Mr. A. T. Douglas, a merchant, who had dealt with grantors since the year 1903. So testified Mr. H. B. Catlett, who had purchased land from these grantors prior to 1910. And Mr. R. J. Dixon testified that grantors were of sufficient mentality to carry on business transactions and to understand values.

In the case of Sanders v. Rhea, 119 Okla. 208, 249 Pac. 350, this court held in an equitable action to cancel a deed:

"To justify setting aside a deed upon the ground that the grantor was weak-minded, the proof must show that he was so mentally unsound as to be incapable of understanding the nature and effect of the transaction and of protecting his own interest; and it is not sufficient to show that he was illiterate or eccentric, or that he was not a good judge of land values nor capable of making discreet trades."

We hold there was evidence to support the finding of the trial court that neither grantor was not without understanding on November 19, 1910, and that the deed of conveyance was not void.

Appellant says that the deed was defective because of want of consideration. The evidence on this, to say the least, is conflicting, and the finding of the trial court must prevail.

Mr. Blake testified that the price the

grantee, Cunningham, said he paid, the same being- the amount recited in the deed, was, from his knowledge of the values of land, a fair, reasonable market value of the land in that community at that time.

Moreover, the fact of lack of consideration or fraud rendering the deed voidable could not affect Sanford or the Atlantic Oil Producing Company, if they, as found by the trial court, were innocent purchasers for value without notice. 27 R. C. L., sections 451, 454, 457; Norton v. Roberts, 88 Okla. 263, 213 Pac. 297; Noe v. Smith, 67 Okla. 211, 169 Pac. 1108; Maas v. Dunmyer, supra; Brooks v. Tucker, 83 Okla. 255, 201 Pac. 643.

As to the subsequent purchaser who purchases for value, good faith and lack of notice are presumed and the burden shifts to the party attacking the transfer to show bad faith and notice, actual or constructive. Adams Oil & Gas Co. v. Hudson, supra. Here the subsequent purchasers established a purchase for value and the presumption prevails in the absence of testimony overcoming it.

The last contention is that:

"The original deed was not produced and not shown to be in the hands of, or under the control of, those desiring to use the same. The copies thereof were not competent evidence over the objections of plaintiff, and the execution of said deed is not established by competent evidence, or in fact any evidence at all."

Plaintiff below herself introduced into evidence the deed of November 19, 1910, from Sallie and Phillip to Cunningham (C.-M. p. 247), and the deed from Freeman and wife to Sanford (C.-M. p. 247), also the oil and gas lease from Sanford to Newlon and the assignment thereof from Newlon to the Atlantic Oil Producing Company (C.-M. p. 248).

We fail to see why appellant can be heard to complain when she has already introduced the instruments herself about which she complains. The substitutes for the original deeds and leases were the records of Okfuskee county and were introduced under section 654, C. O. S. 1921, upon the testimony of Sanford—that he did not think he had the original deed in his possession. Mr. A. B. Tanco, on behalf of the Atlantic Oil Producing Company, testified that none of the originals of the instruments in controversy were in the possession of his company. Stratton v. Hawks, 43 Kan. 538, 23 Pac. 591. We cannot say that the admission of the records in lieu of the originals of these deeds of conveyance constituted reversible error in view of section 2822, C. O. S. 1921, relative to

harmless error. Baird v. Conover, 66 Okla. 288, 168 Pac. 997; Bartlesville Zinc Co. v. Jones, 66 Okla. 24, 166 Pac. 1054.

In this case the whole judgment of the trial court is sustained by competent evidence and each of the findings of fact upon which the judgment is based is abundantly supported by the record made.

The judgment is affirmed.

BRANSON, C. J., MASON, V. C. J., and HARRISON, PHELPS, LESTER, HUNT, CLARK, and HEFNER, JJ., concur.