## FITZ-GERALD, Adm'r, et al. v. LIGHT-FOOT.

No. 26594. June 22, 1937.

Rehearing Denied Sept. 28, 1937.

W. E. Green and J. C. Farmer, for plaintiffs in error.

R. L. Davidson, for defendant in error.

WELCH, J. This is an appeal from the district court of Tulsa county. The parties will be referred. to as they appeared in the trial court, where the defendant in error was the plaintiff, and the plaintiffs in error were defendants.

Only the facts necessary for the determination of the issues need be given. Dorothy C. Moore, a resident of Tulsa, Okla., was killed on December 13, 1932. Gerald Fitz-Gerald was appointed administrator of her estate on the 4th day of January, 1933, and on that day took possession of four lots with three houses thereon, located in Tulsa county, and other property of the estate. The record title to the lots was in decedent and she had possessed them for some time prior to her death.

On the 6th day of February, 1934, this suit was instituted by the plaintiff against the administrator and the heirs, wherein the plaintiff claimed he had certain deeds executed by Dorothy C. Moore which conveyed to him the four lots mentioned above. The deeds were unacknowledged and unwitnessed, and had never been recorded. In the meantime the administrator had collected the rents from the property, had paid taxes and a mortgage against the property.

The plaintiff seeks recovery of the lots, and that his title be quieted.

The defendants filed answers denying that plaintiff had any genuine conveyances from the deceased, and, alleging that the deeds were forgeries or were blank deeds that plaintiff found among the effects of Dorothy C. .Moore after her death, and had then completed by filling in the description of the property; and alleging there was never any execution and delivery of the deeds by the deceased. Further, that the plaintiff never had possession of the property, and that the administrator found such property, upon his appointment, in the possession of tenants of decedent, and took possession and continued possession through the tenants.

The case was tried to the court without a jury. The defendants requested a trial by a jury, but the same was denied

on the theory that it was an equity case, and proper exception was saved. Judgment was rendered for the plaintiff, and defendants appeal.

The first proposition urged by the defendants is that "the court erred in denying the defendants a jury trial."

In the case of Halsell v. Beartail, 107 Okla. 103, 227 P. 392, this court said:

"In the instant case, it was necessary to determine who were the heirs of Nocus Hutchee and, after determining that case, the possession of the land would necessarily be awarded to those determined to be the heirs of those holding under them. The purpose of the action was to establish the interest of the plaintiffs in the specific real estate, and to award to them the possession thereof, and to quiet their title thereto. In our opinion this was an action for the recovery of specific real property under section 532, Comp. Stat. 1921, and either party was entitled to a jury. * * *"

In the case at bar it was necessary to determine if the deeds were executed and delivered, and after determination of these questions, possession would necessarily follow. The purpose of the action was to establish interest in specific real estate, and to award possession thereof and quiet title.

In the case of Abrams v. Neal, Adm'r, 178 Okla. 158, 61 P. (2d) 1103, it was said:

"This court has followed the rule that the fact that the petition in an action for recovery of real property prays that title to the real estate sought to be recovered be set at rest or quieted in the plaintiffs did not make the action a nonjury cause, but it remained an action properly triable by a jury under the provisions of the statute. Mitchell v. Gafford, 73 Okla. 152. 175 P. 227; Aldridge v. Anderson, 115 Okla. 131, 240 P. 99; Likowski v. Catlett, 130 Okla. 71, 265 P. 117.

"Under section 350, Okla. Stats. 1931, issues of law must be tried by the court unless referred, but issues of fact arising in actions for the recovery of specific real property shall be tried by a jury trial unless the jury trial is waived or a reference be ordered."

In this case the substantial cause of the action was the withholding of possession of the real estate. The issues raised by the defendants' answers were issues of fact.

The gravamen of the action was the re-

covery of specific real property, and the defendants were entitled to trial by jury, as is provided in section 350, O. S. 1931.

The judgment is reversed, and the cause remanded for a new trial.

OSBORN, C. J., BAYLESS, V. C. J., and RILEY, GIBSON, and HURST, JJ., concur. CORN, J., dissents. BUSBY and PHELPS, JJ., absent.