## PATCHELL v. GARVIN.

No. 7974—Opinion Filed July 10, 1917.

Rehearing Denied Nov. 6, 1917.

(168 Pac. 423.)

1. **Covenants—Warranty — Unmatured Installments of Paving Assessments.**

Under section 450, Wilson's Rev. & Ann. St. 1903 (section 726, Comp. Laws 1909), in force at the time of the execution and delivery of the warranty deed here, unmatured installments of paving assessments are not deemed to be within the terms of the general covenant or warranty contained therein.

## 2. Vendor and Purchaser—Action on Purchase-Money Note—Defenses—Fraud.

Under the findings of fact here by the court, to the effect that the agent of the defendant in error practiced a fraud upon the plaintiff in error in the execution of the contract made between parties, in that said agent represented that all of the paving assessments against the property conveyed had been paid, which was relied upon by the purchaser, the court, in refusing to allow a credit therefor upon the purchase-money note sued upon, misapplied the law, as the same, under the state of facts, constitutes a defense pro 'anto to the note.

(Syllabus by Hooker, C.)

Error from District Court, Garvin County; F. B. Swank, Judge.

Action by Susan Garvin, executrix of the estate of Vivian Garvin against O. W. Patchell. Judgment for plaintiff, and defendant brings error. Reversed, and cause remanded for new trial.

S. C. Treadwell, for plaintiff in error.

Thompson, Patterson & Farmer, for defendant in error.

Opinion by HOOKER, C. About the 15th day of November, 1910, one Susan J. Garvin sold and conveyed to the plaintiff in error, lot 9, block 79, in the city of Pauls Valley, and conveyed the same to him by a general warranty deed, which contained the following habendum:

"To have and to hold said described premises unto the second party, his heirs and assigns forever, free, clear and discharged of and from all former grants, charges, taxes, judgments, mortgages and other liens and incumbrances of whatsoever nature."

In order to secure the payment of a part of the purchase price, plaintiff in error executed to Mrs. Garvin his certain note for $2,000 and secured the same by a mortgage upon the property, which note was, after maturity, assigned to Vivian Garvin, and after her death her executrix sued to recover the balance due upon said note.

The plaintiff in error assigned two reasons why a recovery should not be had against him: (1) He contended that the agent of Susan Garvin, in the negotiations for the sale of said property, made certain representations to him which induced him to buy the same, and that he relied upon said representations, and that said representations were false, in that said agent represented to him that the paving assessments upon said property had all been fully paid by her, when as a matter of fact only two of said paving assessments had been paid,

leaving unpaid at the time eight of said installments, aggregating $256. (2) That the existence of the eight unpaid installments for paving assessments was a breach of the warranty of the deed, and he pleaded the amount due thereon as a defense to this action.

This court, in Knight v. Clinkscales, 51 Okla. 508, 152 Pac. 133, said:

"(1) Section 450, Wilson's Statutes 1903 (section 726, Snyder's Statutes 1909), in force at the time of the execution and delivery of a warranty deed, after making provisions for special assessments for street improvements in the way of guttering, curbing, and paving the same, in cities of the first class, provides that 'Said assessment shall be a charge and lien against the property upon which it is assessed, until fully discharged, but, unmatured installments shall not be deemed to be within the terms of any general covenant or warranty' contained in conveyance of such property. Held, that a deed made and delivered on the 22d day of March, 1909, for property against which such special assessment has been made and levied, upon which the first installment or payment does not mature until the 15th day of the following December after the date of said deed, such assessment does not come within the terms of the warranty clause of such deed, which is in the following language: 'To have and to hold said described premises unto the said party of the second part, his heirs and assigns forever, free, clear, and discharged of and from all former grants, charges, taxes, judgments, mortgages, and other liens and incumbrances of whatsoever nature. * * *

"(3) A local assessment is not a 'tax,' within the meaning of a covenant of warranty against taxes."

"(4) The general rule is that, if the covenant or other provision refers only to a 'tax,' it does not include local assessments."

This case seems to be supported by authority, and we adhere to the rule announced therein. It is asserted that this statute, above quoted, is unconstitutional for the reason that the clauses contained in the act are not so correlated to the subject expressed in the title as to appear to follow as a natural and legitimate complement. To this contention we cannot agree, as the act has but one general subject, which is fairly indicated by its title. It has many details, but they all relate to the same general subject or object. See State v. Hooker, 22 Okla. 712, 98 Pac. 964; Binion v. Okla. Gas Co., 28 Okla. 356, 114 Pac. 1096; Coyle v. Smith, 28 Okla. 121, 113 Pac. 994.

Where a case is tried by the court without a jury, and special findings of fact.

are made and these findings are based, in part, upon oral testimony, such findings are conclusive upon this court upon any disputed and doubtful questions of fact. McCann v. McCann, 24 Okla. 264, 103 Pac. 694; Runyan v. Fisher, 28 Okla. 450, 114 Pac. 717; Bohart v. Mathews, 29 Okla. 315, 116 Pac. 944; Hausam v. Parker, 31 Okla. 399, 121 Pac. 1063; Cowles v. Lee, 35 Okla. 159, 128 Pac. 688; Scoville v. Powell, 33 Okla. 446, 126 Pac. 730. Findings of fact by the trial court will not be disturbed by this court and the case will be affirmed unless it is shown that the lower court committed prejudicial error in the application of the law. Manwell v. Grimes, 48 Okla. 72, 149 Pac. 1182.

It is here asserted the court committed prejudicial error in the application of the law, as the court found that the negotiations for said sale were made between one John Garvin, acting as the authorized agent of said Susan Garvin, and the said Patchell, and as an inducement to said sale represented to Patchell that all the paving charges assessed against the property had been paid, upon which representation Patchell relied and accepted as true, and made the purchase under that belief, but refused to allow a defense to said note by virtue of this misrepresentation. In this, we think the court erred. If this finding of fact be true, then the same constitutes a defense to the note sued on, and plaintiff in error was entitled to a credit upon said note for the unpaid assessment on said lot.

The judgment of the lower court is reversed, and this cause remanded for a new trial.

By the Court: It is so ordered.