STATE of Oklahoma, ex rel. David MOSS, District Attorney, Appellee,

v.

1980 CHEVROLET MONTE CARLO, VIN: 1Z373AD431682, TAG: 90 OK RRK–190, Defendant,

Jim Nichols and Diane Nichols, Appellants.

No. 76683.

Court of Appeals of Oklahoma, Division No. 1.

April 14, 1992.

Elaine Meek, Tulsa, for appellants.

Fred J. Morgan, II, Asst. Dist. Atty. and John W. Harker, Legal Intern, Tulsa, for appellee.

BAILEY, Judge:

Appellants Jim Nichols and Diane Nichols (Appellants or Owners) seek review of the Trial Court's order granting judgment to Appellee State of Oklahoma, ex rel. David Moss, District Attorney, Tulsa, County, Oklahoma (State) in State's action for forfeiture of Defendant automobile. Herein, Owners assert that the taking of the automobile from them, innocent of any wrongdoing and without knowledge of their son's illegal use thereof, violates constitutional and statutory prohibitions against forfeiture of estate.

Briefly stated, on or about May 30, 1990, an officer of the Tulsa Police Department stopped a car driven by Owner's son, J.W.N., for a traffic violation. The officer observed a passenger reach under the front seat, remove a plastic baggie containing green leafy substance, and attempt to stuff the baggie into her boot. The officer arrested J.W.N., charged him with Possession of Marijuana with Intent to Distribute, and seized the Defendant vehicle. Pursuant to a valid search thereof, the Police seized the baggie of marijuana from the passenger, scales and four packages of cigarette rolling papers, one of which in the possession of J.W.N. himself.

J.W.N. later entered a plea to a reduced charge of simple possession. State gave notice of seizure and forfeiture of the automobile to Owners. Owners answered, alleging *inter alia* they were the lawful owners of the vehicle, that Owners loaned the car to J.W.N. solely for the purpose of driving to and from work, that Owners had no knowledge that drugs would be in or near the vehicle, and that Owners were otherwise innocent of any unlawful or negligent conduct.

On or about October 25, 1990, the matter came on for hearing, but we have no transcript of the proceedings, testimony or exhibits introduced before us on appeal. The Trial Court rejected Appellants' "innocent owner" defense,[1] and entered its order declaring the defendant car forfeited to State. Owners now appeal.

Contrary to State's assertions and the Trial Court's ruling, we find Oklahoma statute does in fact recognize an "innocent owner" defense to forfeiture actions.[2] To hold that the innocent owner defenses granted to common carriers, other innocent owners of real and personal property, and security interest holders do not apply to Owners, would in our opinion, render the statutes constitutionally infirm as denying Owners equal protection under the laws,[3] and we will not construe the statutes as to render them unconstitutional.[4] We therefore hold the Trial Court's order of forfeiture should be reversed, and the matter remanded to the Trial Court for consideration of Owners' "innocent owner" defense.

The order of the Trial Court granting judgment to State is therefore REVERSED, and the cause REMANDED for further proceedings.

GARRETT, P.J., and ADAMS, J., concur.

---

1. Although we have no record of hearing, there appears in the record on appeal a "Stipulation of Facts and Evidence," signed by counsel for the parties, that "the trial court found that the 'innocent owner' defense was not followed in Oklahoma, pursuant to 63 O.S. section 2–506, and subsequently ordered the vehicle forfeited to the State of Oklahoma."

2. 63 O.S.Supp.1990 §§ 2–503(A)(4)(a), 2–503(A)(4)(b), 2–503(A)(8), 2–506(H).

3. See, e.g., *Kirk v. Bd. of Cty. Comm'rs.*, 595 P.2d 1334 (Okl.1979) (law is "invidiously discriminatory" and offensive to equal protection guarantees "when it lays an unequal hand on those in the same class and same quality and not on another.")

4. See, e.g., *Gilbert Cent. Corp. v. State*, 716 P.2d 654 (Okl.1986); *Ricks Expl. Co. v. Okla. Water Res. Bd.*, 695 P.2d 498 (Okl.1984).