John L. DISMUKE and Davina
C. Dismuke, Appellees,

v.

Albert T. CSEH and Judith
A. Cseh, Appellants.

No. 69827.

Supreme Court of Oklahoma.

April 28, 1992.

Michael J. Beard, Parks & Beard, Tulsa, for appellees.

John A. Burkhardt, Boone, Smith, Davis & Hurst, Tulsa, for appellants.

SIMMS, Justice.

John and Davina Dismuke, plaintiffs/appellees, commenced a breach of contract action to recover proceeds promised them from the sale of real estate by Albert and Judy Cseh, defendants/appellants. The trial court entered judgment for plaintiffs and defendants appeal.

The contract in question dated March 6, 1981, set forth provisions for the sale by the Csehs of real estate held under contract for deed by the Dismukes. The contract stated that the house sold to the Dismukes by a contract for deed, dated April of 1980, was being put on the market by the Csehs, the record owners. Under the March, 1981 agreement, the Dismukes released any rights to the property under the contract for deed in consideration of receiving the "benefit of the proceeds from sale of the property above a loan balance of $68,-000.00."

Dispute arose upon defendants' remittance of considerably less proceeds from sale of the property than the plaintiffs believed the contract provided. Defendants interpreted the words "necessary closing costs" stated in the agreement as including many costs beyond those enumerated. Defendants deducted these amounts from the proceeds and remitted the residue to the plaintiffs.

Plaintiffs filed suit to enforce the March, 1981 agreement and specifically its terms relating to the enumerated loan balance from which the plaintiff's benefit was to be calculated, and the enumerated "necessary closing costs." Defendants contended that the loan balance set forth in the agreement was an estimate and that the parties intended that any payment to the Dismukes would be computed upon the actual loan balance, which was about $69,000.00. Additionally, the defendants denied the agreement was intended to be a release and that "necessary closing costs" was intended to include amounts owed to them by the Dismukes under the April, 1980 agreement. The trial court found for the plaintiffs and enforced the agreement as written.[1]

The Court of Appeals affirmed the trial court, but modified the judgment citing that the trial court erred in enforcing the agreement by its terms.

The question for review is whether the trial court's finding that the contract and its terms were enforceable as written was unsupported by the evidence. Because the Court of Appeals ignored the proper standard of review for a trial court's finding at law and because the trial court's finding is supported by the evidence, we vacate the Court of Appeals opinion and affirm the finding of the trial court.

The proper standard of review in an action at law is that the findings of the trial court are as binding on appeal as the verdict of a jury, and if there is competent

---

1. March 6, 1981, Agreement: "This agreement is entered into by Albert Cseh and John and Davina Dismuke, husband & wife. The following items are agreed to on the transaction involving the sale of property at 2905 So. 140 E. Ave.:
1. John and Davina Dismuke now reside at 2905 So. 140 E. Ave.
2. $7,000.00 in escrow with Albert Cseh May 17, 1980, as down payment.
3. House was sold to John and Davina Dismuke at $75,000.00 and is now being put on the market at $88,900.00.

The Dismukes are to enjoy the benefits of the difference between the actual sales contract price and the loan balance of $68,000.00 less the necessary closing costs, abstracting, stamps, proration of taxes and realtor's brokerage.
4. Refunded escrow account from Sooner Federal to be given to Albert and Judy Cseh." (signed by John and Davina Dismuke and by Albert Cseh).

evidence to support the findings, they will not be disturbed on appeal. *Tax Investments Concepts, Inc. v. McLaughlin*, 670 P.2d 981, 983 (Okla.1982).

■ Execution of a written contract supersedes oral negotiations or stipulations concerning matters which precede or accompany its execution. 15 O.S.1981, § 137. Also, in cases of uncertainty of terms in respect to ambiguity, the interpretation shall be in the sense in which the promisor believed, at the time of making the contract as the promisees understood it. 15 O.S. 1981, § 165. And, if the foregoing rule does not resolve the matter, the language of the contract should be interpreted most strongly against the party who drafted the contract. *King–Stevenson Gas and Oil Co. v. Texam Oil Corp.*, 466 P.2d 950 (Okla.1970). See also: 15 O.S.1981, § 170.

■ Courts cannot supply material stipulations or read into a contract words or terms it does not contain; the law will not make a better contract than the parties themselves have seen fit to enter into, or alter it for benefit of one party to detriment of another. *King*, at 954. Parole evidence is allowed where there is a latent ambiguity, but such evidence is not available to vary, modify or contradict the written provision absent fraud, accident, or proof of mistake. *Mercury Investment Co. v. F.W. Woolworth Co.*, 706 P.2d 523 (Okla.1985).

■ In this case, the contract of March 6, 1981, was drafted by one of the defendants, Albert Cseh. It was executed by the parties so that the property held by the Dismukes under the contract for deed could be sold to a third party. With the promised benefit of the proceeds from the sale, the contract provided adequate consideration for the release of any rights the Dismukes held under the contract for deed. That this contract could stand alone is support enough for the trial court's decision without here deciding the contract's nature as a release or novation.

■ Application of statutory law to a contract is a question of law for the trial court. This Court will not reverse the find-

ings of the trial court for insufficient evidence if there is any evidence, including any reasonable inferences therefrom, tending to support findings at law. *State, ex rel., Oklahoma Department of Highways v. Sharpensteen*, 538 P.2d 1044, 1046 (Okla.1975). Although the issue of ambiguity, a question of fact, was raised during the proceedings, the trial court did not find that an ambiguity existed as the loan balance was clearly stated at $68,000.00. In addition, the trial court did not find the amounts defendants deducted from the proceeds of sale were within the definition of "necessary closing costs." Instead, the trial court enforced the contract by its terms against the drafter. This finding cannot be disturbed on appeal unless no evidence exists to support it.

We hold that the trial court's judgment is supported by the evidence. The Court of Appeals opinion is vacated, and the judgment of the trial court.

Affirmed.

OPALA, C.J., HODGES, V.C.J., and LAVENDER and KAUGER, JJ., concur.

SUMMERS, J., concurs in result.

HARGRAVE and ALMA WILSON, JJ., dissent.

ALMA WILSON, Justice, dissenting:

Upon review of the appellate record, it is clear that the summary opinion of the Court of Appeals, Division 4 is correct and that certiorari was improvidently granted. Accordingly, I respectfully dissent.