STATE of Oklahoma ex rel. David MOSS, District Attorney, Appellee,

v.

SEVEN HUNDRED FIFTEEN DOLLARS ($715.00),

and

1978 Oldsmobile Cutlass VIN: 3R47F8R408246 TAG: 90 OK UKH-717, Defendants,

Donald Wayne Porter, Appellant.

No. 77313.

Court of Appeals of Oklahoma, Division No. 3.

June 23, 1992.

As Corrected Aug. 11, 1992.

**1264**

Stuart Southerland, Tulsa, for appellant.

Fred J. Morgan, II, Asst. Dist. Atty., John W. Harker, Tulsa, for appellee.

## MEMORANDUM OPINION
## ON REHEARING

HUNTER, Judge:

Appellant, Porter, is the owner of a 1978 Oldsmobile Cutlass automobile. Porter appeals from the trial court's judgment ordering the car forfeited to the State under 63 O.S.1991 §§ 2–503 through 2–505.

On November 13, 1990, a Tulsa County Deputy Sheriff arrested Porter's common law wife, Brenda Kay Slingerland, for sell-ing marijuana from Porter's car. Following a hearing, the trial court ordered Porter's car forfeited to the State. The parties stipulated to Porter's testimony, all of which is undisputed. At the time of Slingerland's arrest, Porter was bed ridden, unable to drive a car, or get out of bed without assistance. Slingerland had the keys to the car. Because of his physical disability, Porter was incapable of preventing Slingerland's use of the car.[1]

The trial court ordered the car forfeited under the terms of the Enforcement and Administrative provisions of the Uniform Controlled Dangerous Substances Act, 63 O.S.1991 §§ 2–501, et seq.

Porter urges us to adopt the "innocent owner" defense to the forfeiture provisions of the Dangerous Substances Act. Porter cites *State v. 1980 Chevrolet Monte Carlo*, 831 P.2d 654 (Okl.App.1992). There, division I of this Court held that the "innocent owner" defense is available under the Dangerous Substances Act. The court held that to grant owners of conveyances under § 2–503.A.4.b less protection than is granted to common carriers, innocent owners of other kinds of property, and security interest holders under §§ 2–503.a.4.a, 2–503.A.8, and 2–506.H would deny owners of conveyances equal protection of the law.[2] The court then held that it had a duty, wherev-

---

1. The parties stipulated to Porter's testimony as follows:

   ... if claimant Don Porter was to testify, he would state that he has no independent recollection of the events which transpired on November 13, 1990. The reason for this lack of recollection was the extreme degree of pain he was in on that evening. He was in a hospital bed on November 13th, 1990, at his home, the bed having been leased from a medical supply facility for his use while he was recuperating from a motorcycle accident which occurred in May of 1990.

   Between May of 1990 and December, 1990, he rarely got out of bed. When he did get out of bed, it was only at the direction and supervision of a physical therapist for exercises. The degree of his injury was such that even if he had any knowledge, which he does not recall, of the use of the vehicle on that evening or anybody telling him of the intended use of the vehicle on that evening, he would have been physically incapable of preventing such use of the vehicle.

   Further, Don Porter would testify that although he has no independent recollection of giving her permission on that evening, it was his custom and practice to give Brenda Slingerland possession of the keys to his vehicle ... Don Porter would testify the vehicle was, in fact, his and she had the keys to the vehicle on a regular basis. Don Porter could not drive on November 13, 1990 and had been unable to drive since May. So Brenda Slingerland had possession of the keys, thus impliedly permission to use the car.

2. Section 503.A.4.b of the Dangerous Substances Act states,

   no conveyance shall be forfeited under the provisions of this section by reason of any act or omission established by the owner thereof to have been committed or omitted without the knowledge or consent of such owner, and by any person other than such owner while such conveyance was unlawfully in possession of a person other than the owner in

er possible, to construe statutes consistently with constitutional requirements. We agree.

Section 2–503.A.4.b provides that an owner's conveyance may not be forfeited if it was "unlawfully in the possession of a person other than the owner" and used to commit an offense involving drugs, footnote 2, Id. We construe this phrase to mean that a non-owner's possession of a conveyance is unlawful, even if the owner gave initial permission to the non-owner to use the property, if the owner did not know and had no reason to know that the non-owner was going to use the property for unlawful proposes. To construe the phrase otherwise would deny owners of conveyances their due process rights and render the statute unconstitutional.[3] We have a duty, wherever possible, to construe statutes consistently with constitutional requirements. *State v. 1980 Chevrolet Monte Carlo*, Id.

Porter proved he had no prior knowledge that Slingerland was going to use his car for unlawful purposes. In any event, Porter was physically incapable of stopping Slingerland from using his car. Porter fell within the exception granted to innocent owners of conveyances by § 2–503.A.4.b to the forfeiture provisions of the Controlled Dangerous Substance Act.

The trial court's judgment ordering the forfeiture of Porter's car is not supported by the record. Accordingly, the trial court's judgment is REVERSED. This cause is REMANDED with INSTRUCTIONS to the trial court to set aside the judgment and enter an order directing the State to restore possession of Porter's car to him.

violation of the criminal laws of the United States or any state.

**3.** In *Calero–Toledo v. Pearson Yacht Leasing Co.,* 416 U.S. 663, 689–90, 94 S.Ct. 2080, 2094–95, 40 L.Ed.2d 452 (1974) the court held that the right to forfeit property is limited. The court said,

Mr. Chief Justice Marshall ... [observed] that "a forfeiture can only be applied to those cases in which the means that are prescribed

HANSEN, V.C.J., concurs.

JONES, J., concurs in part; dissents in part.

for the prevention of a forfeiture may be employed." ... Similarly, the same might be said of an owner who proved not only that he was uninvolved in and unaware of the wrongful activity, but also that he had done all that reasonably might be expected to prevent the proscribed use of his property; for in the circumstances, it would be difficult to conclude that forfeiture served legitimate purposes and was not unduly oppressive.