STATE of Oklahoma ex rel., Robert H. MACY, District Attorney of the Seventh Prosecutorial District, Appellee,

v.

1983 CADILLAC ELDORADO, VIN # 1G6AL5781DE654764; Claimant Debra Davidson, Appellants.

No. 79494.

Court of Appeals of Oklahoma, Division No. 1.

March 30, 1993.

Mack K. Martin, Laurel S. Smith, Oklahoma City, for appellants.

Robert H. Macy, Dist. Atty., John M. Jacobsen, Gretchen A. Crawford, Asst. Dist. Attys., Oklahoma City, for appellee.

### *MEMORANDUM OPINION*

GARRETT, Judge:

Appellant, Debra Davidson, was the owner of a Cadillac automobile. Her friend, Kip Anderson, borrowed it. He, and others (not including Appellant), used the vehicle to proceed to a rendezvous with prospective sellers in connection with an attempt to purchase cocaine. Unknown to Anderson, the individuals he was meeting and from whom he was attempting to purchase the cocaine were police officers. He was arrested, charged with a crime, and convicted. Appellant's automobile was confiscated.

The State of Oklahoma filed a forfeiture proceeding, pursuant to 63 O.S.1991 § 2–506,[1] against the automobile and gave notice to Appellant. Discovery proceedings were conducted. Both parties filed motions for summary judgment with evidentiary materials attached.

Appellant attempted to invoke the "innocent owner" defense. She claims that Anderson was her boyfriend; she sometimes permitted him to borrow her automobile; on the day in question, his car was disabled and he asked to borrow her car for some legitimate business and she agreed; and, she had no knowledge that he intended to use it to violate the law. She contends that his possession of her car became

unlawful, when he used it to violate the law. She also contends the trial court applied the statute in an unconstitutional manner.

The State contends, in effect, that the "innocent owner" defense is not in effect in Oklahoma; but, if that defense is available to an owner, the statute has a two-prong requirement: (1) that the owner show innocence, and (2) that the possession of the automobile by the offender must be an unlawful possession. The State contends Appellant did not meet the two-prong test, and cites 63 O.S.1991 § 2–503(A)(4)(b).

The Court denied Appellant's motion in all respects. The State's motion was sustained and summary judgment was entered forfeiting the Cadillac to the State. While the trial court, in entering judgment did not make findings of fact and conclusions of law, the Court either held the "innocent owner" defense was not available, or adopted the State's theory that Appellant failed to meet the "two-prong" requirement, or both. We disagree and reverse.

If Rule 13, Rules for District Courts of Oklahoma, 12 O.S.1991 Ch. 2, App. 1, applies to forfeiture proceedings brought pursuant to 63 O.S.1991 § 2–506, as amended, this is not a case where the summary judgment was properly entered. Summary judgment is proper only where there is no substantial dispute as to any material fact, reasonable persons would not draw conflicting conclusions from the undisputed material facts, and one party is entitled to judgment as a matter of law. *Flanders v. Crane Co.*, 693 P.2d 602 (Okl. 1984). In connection with the motions for summary judgment, evidentiary materials were presented which clearly supported Appellant's "innocent owner" defense to the forfeiture of her automobile. Summary judgment favoring the State and ordering the vehicle forfeited was error.

The State correctly contends that Oklahoma's Appellate Courts have held forfeiture statutes, such as § 2–506, supra, to be constitutional. We do not recede from the views expressed in previous cases in this

---

1. The incident involved in this case occurred on February 28, 1990. Section 2–506 was amended in 1990, 1991, and again in 1992. As applicable

to the issues in the case being reviewed, none of the amendments materially changed this statute.

connection. However, we again point out that the statutes will not be construed in such manner as to render them unconstitutional.

Subsections H and I of § 2–506, supra provide:

H. The claimant of any right, title or interest in the property may prove his lien, mortgage or conditional sales contract to be a bona fide or innocent ownership interest and that his right, title or interest was created without any knowledge or reason to believe that the property was being, or was to be, used for the purpose charged.

I. In the event of such proof, the court shall order the property released to the bona fide or innocent owner, lien holder, mortgagee or vendor if the amount due him is equal to, or in excess of, the value of the property as of the date of the seizure, it being the intention of this section to forfeit only the right, title or interest of the purchaser.

These subsections require the property to be returned to the innocent owner when he or she proves an absence of "any knowledge" or reason to believe the property was to be used for the purpose charged.

In *State v. 1980 Chevrolet*, 831 P.2d 654 (Okl.App.1992), this Court held:

Oklahoma forfeiture statutes recognize "innocent owner" defense to forfeiture actions. 63 Okl.St.Ann. §§ 2–503, subd. A, pars. 4 a, 4 b, 8, 2–506, 2–506, subd. H. Owner of automobile against which state brought action for forfeiture in connection with illegal use of automobile by owner's son were entitled to have court consider their "innocent owner" defense. 63 Okl.St.Ann. §§ 2–503, subd. A. pars. 4 a, 4 b, 8, 2–506, 2–506, subd. H.

And at page 655, we said:

Contrary to State's assertions and the Trial Court's ruling, we find Oklahoma

statute does in fact recognize an "innocent Owner" defense to forfeiture actions. To hold that the innocent owner defenses granted to common carriers, other innocent owners of real and personal property, and security interest holders do not apply to Owners, would in our opinion, render the statutes constitutionally infirm as denying Owners equal protection under the laws, and we will not construe the statutes as to render them unconstitutional.

Also see *State v. $715.00 and 1978 Oldsmobile*, 833 P.2d 1263 (Okl.App.1992).[2]

In construing these statutes together, and in consideration of constitutional principles, we hold: (1) the "innocent owner" defense is alive and well in Oklahoma; and, (2) Anderson's possession of Appellant's automobile could be converted from being lawful to unlawful, if the evidence shows it was loaned to him for a lawful purpose but was thereafter used for an unlawful purpose, if the evidence also shows the other elements of the "innocent owner" defense.

Appellant asks this Court to reverse and order judgment in her favor. While a reversal is clearly proper because the trial court denied Appellant the right to interpose a lawful defense, and for other reasons above mentioned, it is equally clear that an adversary, evidentiary hearing is contemplated and required.

REVERSED AND REMANDED for further proceedings not inconsistent with this Opinion.

ADAMS, P.J., and JONES, J., concur.

---

2. Appellant has contended that conflicting opinions have been issued by different divisions of this Court. One of the cases cited is an unpublished Opinion of Division IV in Case No. 74,-807, *In the Matter of Notice of Seizure and Intended Forfeiture of a Certain Automobile Described as a 1981 Pontiac. . . .* The State correctly contends that unpublished cases may not be cited and do not constitute precedential authori-

ty. However, because of the assertions relating to conflicting Opinions, we have examined that decision, and others, for that purpose only. We see no conflict between the decisions of the various divisions of this Court as to this issue. In fact, this unpublished case is completely in harmony with *State v. 1980 Chevrolet*, 831 P.2d 654 (Okl.App.1992), cited and quoted in the body of this Opinion.