STATE of Oklahoma ex rel. Theresa McGEHEE, District Attorney, Appellant,

v.

1987 OLDSMOBILE CUTLASS, VIN: 1G3NF11U9HM234685, TAG: BYX 624, Defendant,

and

Joe Sexton, Appellee.

No. 80393.

Court of Appeals of Oklahoma, Division No. 1.

Nov. 2, 1993.

Rehearing Denied Dec. 28, 1993.

Jeff Mixon, Asst. Dist. Atty., Durant, for appellant.

Joseph O. Minter, Madill, for appellee.

## MEMORANDUM OPINION

JONES, Presiding Judge.

On February 8, 1992, officers of the Durant Police Department conducted a search of a home in Durant belonging to Michael Sexton's girlfriend, Brandi Taylor. The police also searched a car in front of the house, and found marijuana concealed in a small area above the rear view mirror.

The State filed this action of forfeiture, alleging the vehicle had been used to conceal or transport drugs in violation of the Uniform Controlled Dangerous Substances Act, 63 O.S.1992 Supp. §§ 2-101 *et seq.* [the Act]. From an adverse judgment, State appeals.

State contends the trial court erroneously assigned the burden of proof to the State to prove that Appellee was not an "innocent owner," i.e., that Appellee had neither guilty knowledge nor reason to know the car was going to be used, or was in fact used, for illegal purposes.[1] State also contends Appellee failed to prove he was an "innocent owner."

The "innocent owner" defense derives from the section of the Act governing seizure of "conveyances," defined to include aircraft, vehicles, vessels, or farm implements. 63 O.S. 1992 Supp. § 2-503(A)(4). The Legislature provided an exception to forfeiture under certain circumstances:

[N]o conveyance shall be forfeited under the provisions of this section by reason of any act or omission established by the owner thereof to have been committed or omitted without the knowledge or consent

---

1. Appellee conceded on the record, and in its brief on appeal, that the vehicle was being used unlawfully, to conceal and/or to transport drugs in violation of the Act.

of such owner, and if the act is committed by any person other than such owner the owner shall establish further that the conveyance was unlawfully in the possession of a person other than the owner in violation of the criminal laws of the United States, or of any state.

63 O.S.1992 Supp. § 2–503(A)(4)(b). This court recognized the defense as available to vehicle owners in *State ex rel. Moss v. 1980 Chevrolet,* 831 P.2d 654 (Okla.Ct.App.1992).

■ The Act places the burden of proof on the State to prove the essential elements of forfeiture. 63 O.S.1992 Supp. § 2–506(G). However, the Act is equally clear that the burden of establishing the "innocent owner" defense rests upon the owner. The exception in § 2–503(A)(4)(b) depends upon proof "established by the owner" of the property which the State seeks to forfeit. *Id.; see State ex rel. Dept. of Public Safety v. 1988 Chevrolet Pickup,* 852 P.2d 786, 789 (Okla.Ct. App.1993), *cert. denied; cf.,* 63 O.S.1992 Supp. § 2–506(H) (claimant of lien, mortgage or conditional interest in property may prove his interest was created without knowledge or reason to believe property was being, or was to be used for illegal purpose charged).

Several police officers from the Durant Police Department testified at trial, detailing Michael's criminal history. Michael's first trouble with drugs occurred in 1985. The trial court held such evidence was too remote to be of probative value, and so excluded it. Michael was arrested twice in 1991, once in Texas, and once in Oklahoma. In September, 1991, Michael was arrested in Grayson County, Texas, for possession of methamphetamine; on that occasion, the police also found marijuana in his car (the same 1987 Oldsmobile Cutlass which is the subject of this forfeiture action). In November, 1991, Michael was arrested in Oklahoma, and charged with possession of drugs.

Appellee testified he bought the car for his son to drive. His testimony was somewhat vague as to the precise date he bought the car. The Sextons' insurance agent testified an insurance policy was first issued on the 1987 Cutlass in January, 1990. The evidence shows Michael drove the car almost exclusively from that time until his arrest in February, 1992.

At the conclusion of the forfeiture trial, the trial court announced its ruling as follows:

The Court finds that the State has failed to show that Michael Shane Sexton is the owner of the automobile. The Court further finds that the respondent, Joe Sexton, is the owner of the motor vehicle. The Court further finds that the State has failed to show the respondent, Joe Sexton, had knowledge of Michael Shane Sexton's illegal use of the motor vehicle on February 8, 1992.

[Tr. 58–59.] The trial court then ordered the vehicle to be returned to Appellee.

■ The trial court's ruling reflects an obvious legal error: the burden of proof was on Appellee to prove he did not know of, nor consent to, his son's improper use of the vehicle, not upon the State to show Appellee did know or consent. 63 O.S.1991 §§ 2–503(A)(4)(b).

■ Appellee testified he did not have actual knowledge that Michael had marijuana in the car in February, 1992. However, the "innocent owner" defense is not established by mere denial of actual knowledge. The inquiry here is whether an owner consented to or had guilty knowledge—i.e., actual knowledge or reason to know—of the improper use of the vehicle. Resolving that issue requires consideration of prior drug activities and/or arrests, reputation in the community, and any other circumstance bearing on the existence of guilty knowledge on the part of the owner.[2]

Appellee paid for substance abuse treatment for his son before Michael's 1991 ar-

---

**2.** We note in this regard those prior decisions from this court which have reached a like conclusion as to the other element of the "innocent owner" defense. In *State ex rel. Moss v. $715.00,*

833 P.2d 1263 (Okla.Ct.App.1992) (opinion on rehearing), this court construed the phrase "unlawfully in the possession of a person other than the owner" in § 2–503(A)(4)(b) to require the

rests. Michael promised he would not use the Cutlass for drug activity if his father allowed him to drive it. Apparently, Michael made similar promises after each of his arrests in 1991. The record does not· show Appellee ever took the car back from Michael, or flatly prohibited Michael from using it for drug-related activities.

■ This Court is not obliged to accept the trial court's findings if they are irretrievably tainted by legal error. *See Patchell v. Garvin,* 66 Okla. 184, 168 P. 423, 424 (1917); *Manwell v. Grimes,* 48 Okla. 72, 149 P. 1182, 1182 (1915) (Court's syllabus no. 4). Based upon our review of the trial record, we hold the trial court's error as to the burden of proof was prejudicial, and requires reversal for a new trial. *Martin v. Pribil,* 186 Okla. 27, 95 P.2d 853, 855 (1939); *Eagle–Picher Mining & Smelting Co. v. Layton,* 182 Okla. 405, 77 P.2d 1137, 1140 (1938).

The judgment awarding the vehicle to Appellee is reversed, and this case is remanded to the trial court for new trial.

REVERSED AND REMANDED.

ADAMS, J., concurs.

HANSEN, C.J., dissents with separate opinion.

HANSEN, Chief Judge, dissenting:

I dissent. I would affirm the trial court.

In its Notice of Seizure and Forfeiture, State served both Michael Shane Sexton and Joe Sexton, Michael's father. Only Joe Sexton, the Appellee here, answered State's petition for forfeiture. Joe Sexton alleged he was the owner of the automobile subject to the action and that any use of the automobile

by Michael Sexton involving controlled substances was without Joe Sexton's knowledge or consent.

The State does not controvert that Joe Sexton is the record owner of the automobile. At the forfeiture hearing held in accordance with 63 O.S.1991 § 2–506, State adduced evidence regarding indicia of ownership in Michael Sexton, contending Michael Sexton was the owner for purposes of the forfeiture statutes. The trial court found State had failed to show Michael Sexton was the owner of the automobile, that Joe Sexton was the owner and that State had failed to show Joe Sexton had knowledge of Michael Sexton's illegal use of the automobile on February 8, 1992.

Forfeiture statutes must be strictly construed. Forfeiture will not be decreed except when required by clear statutory language. *State v. Nesbitt,* 634 P.2d 1306 (Okla. 1981).

With regard to the ownership of the car, Joe Sexton testified he was the sole and record owner of the automobile and had been since its purchase. He further testified he paid for the car and that Michael Sexton had contributed nothing towards the purchase. Joe Sexton stated he had allowed his son to use the automobile to go to work and for other purposes, that his son uses it more than other family members but that his son is not the sole driver of the automobile.

In support of its contention that Michael Sexton was the owner of· the automobile for purposes of the forfeiture statutes, State argues he exercised "exclusive custody and control" over the car. That argument is inconsistent with the evidence. While there is ample evidence that Michael Sexton was the predominant user, this evidence falls well short of exclusive control and custody.

owner to show he "did not know *and had no reason to know* that the non-owner was going to use the property for unlawful purposes." *Id.,* at 1265 [emphasis added]; *see also State ex rel. Dept. of Public Safety v. 1988 Chevrolet Pickup,* 852 P.2d 786, 789 (Okla.Ct.App.1993), *cert. denied* (owner's testimony of no knowledge or reason to know of permissive user's use of vehicle under influence of alcohol and no consent to such use sufficiently established "unlawful possession").

We note also decisions from other jurisdictions are in accord with the views expressed here. *See Mitchell v. State,* 819 S.W.2d 659, 662–63 (Tex. Ct.App.1991); *Pugh v. State ex rel. Galanos,* 441 So.2d 931, 933–34 (Ala.Ct.Civ.App.1983); *cf., McDorman v. State,* 757 S.W.2d 905 (Tex.Ct.App. 1988), *writ denied* (implied consent).

State also relies on the evidence that Michael Sexton, not Joe Sexton, maintained insurance on the automobile and held himself out as the owner when the insurance was purchased. Even presuming Michael Sexton considered himself to be the lawful owner, his manifestations are not determinative of that issue.

Ownership for purposes of forfeiture is not defined by statute (See 63 O.S.1991 § 2–101), nor does State cite any Oklahoma decision defining the term for that purpose. State has not demonstrated the Legislature intended dominion, custody and control to be the exclusive criteria for defining ownership of forfeitable property.

This case was not tried to a jury. The majority's reversal is based on State's contention the trial court erred when it placed the burden on State to prove Joe Sexton had knowledge of his son's illegal use of the car on February 8, 1992. Presuming the trial court improperly placed the burden of proof on State, this Court should decline to substantively consider this contention. State asks us to reverse the lower court's order based on this alleged error, but provides no legal authority to support our taking such action. Additionally, the finding was made in open court without objection or comment by State. Error, if any, was known to State and should have been brought to the lower court's attention when that court could have corrected its error. Further, Appellee met his burden of proof. Joe Sexton's lack of knowledge is sufficiently supported by his own testimony. There is no prejudice shown by any suggestion of improper consideration of burden of proof by the trial court.

Joe Sexton's defense of the forfeiture is based on the concept of "innocent owner", which has been recognized by the Court of Appeals to extend to owners such as he. *State ex rel. Moss v. 1980 Chevrolet,* 831 P.2d 654 (Okla.App.1992). The statutory basis for the defense is found at 63 O.S.1991 § 2–503(A)(4)(b).

The evidence sufficiently establishes Joe Sexton was the owner of the seized automobile, within the meaning of that term in the forfeiture statutes. He was not only the owner of record, but the only evidence of record on the point shows Michael Sexton's use was at the pleasure of his father.

Joe Sexton testified he had no actual knowledge that his son was going to conceal or transport marijuana in the automobile. He testified he had counselled his son against drug involvement, specifically against using any of the family vehicles in that involvement. He had threatened to take away the automobile if his son was further involved with drugs. Joe Sexton stated his son "promised me faithfully he wouldn't do it again if I would let him drive the car". Clearly Joe Sexton did not give permission to his son to use the car in violation of the drug laws.

The majority opinion holds constructive knowledge is sufficient under 63 O.S.1991, § 2–503(A)(4)(b). It holds because Joe Sexton was aware of his son's *prior* involvement in illegal drug activities, he should not have believed Michael when Michael represented he would refrain from any further such activities, and that Joe Sexton should have known his son would be further involved with drugs. I disagree.

There is no Oklahoma authority in support of a constructive knowledge or consent argument regarding the knowledge requirement in 63 O.S.1991 § 2–503 as it pertains to an owner's knowledge or consent to the illegal act or omission. To find constructive knowledge sufficient, as the majority has done, would open up for seizure, the car of any parent of a child who is in trouble with drugs. Under the circumstances and evidence here, the trial court did not err in finding Joe Sexton did not act unreasonably in allowing his son to use the automobile.

State contends Joe Sexton failed to establish the automobile was unlawfully in his son's possession, another requirement under § 2–503(A)(4)(b). The evidence does establish Michael Sexton's initial use of the automobile was permissive.

However, the Court of Appeals has construed the unlawful possession phrase to hold

a non-owner's possession is unlawful, even if the initial use was permissive, if the owner did not know the property was going to be used for unlawful purposes. *State ex rel. Moss v. Seven Hundred Fifteen Dollars*, 833 P.2d 1263 (Okla.App.1992). Joe Sexton's lack of knowledge is supported by the evidence.

The trial court's order is clearly supported by the evidence and that order should be AFFIRMED.