1998 OK CIV APP 107

**SOUTHWESTERN BELL TELEPHONE,**
**a corporation, Plaintiff/Appellant,**

v.

**CITY OF PAWHUSKA, a municipal**
**corporation, Defendant/Appellee.**

No. 89650.

Court of Civil Appeals of Oklahoma,
Division No. 1.

March 27, 1998.

Certiorari Denied July 8, 1998.

D. Wm. Jacobus, Jr., Tulsa, for Plaintiff/Appellant.

Jesse J. Worten, III, James M. Elias, Bartlesville, for Defendant/Appellee.

## MEMORANDUM OPINION

CARL B. JONES, Vice Chief Judge.

¶1 Appellant, Southwestern Bell, sought to recover its damages caused when Appellee, City of Pawhuska, damaged its underground cable when repairing a broken water line. The action was brought under the Underground Facilities Damage Prevention Act, 63 O .S.1991 § 142.1 et seq. The case was submitted to the trial court on stipulated facts and resulted in a judgment in favor of the City of Pawhuska. Following an unsuccessful motion for new trial, Southwestern Bell appeals.

¶2 The stipulated facts are that at 4:49 o'clock p.m., on August 20, 1995, a city water line broke. The repair work commenced at 7:00 o'clock p.m. "The broken water line presented the City of Pawhuska with an 'emergency' which endangered life, health or property as defined by the Underground Facilities Damage Prevention Act, 63 O.S. § 142.1 et seq." The City did not notify Southwestern Bell or any notification center "in accordance with 63 O.S. § 142.6(A)" prior to excavation of the street to reach and re-pair the water line. During the excavation Southwestern Bell's underground conduit and cable were damaged. The City then notified Southwestern Bell. The cost of repairs to Southwestern Bell for its damaged conduit and cable was $14,319.44.

¶3 This appeal requires a review and an understanding of relevant sections of the Underground Facilities Damage Prevention Act (Act). Section 142.3(A) requires all operators [1] of underground facilities to have on file with the county clerk a notice that the operator has underground facilities within the county and the address and telephone number of the person from whom information about such facilities may be obtained. As an acceptable substitute, the operator may participate in a notification center which has filed a notice with the county clerk.

¶4 Section 142.6(A) provides that before one begins to excavate on public property such as a city street, he shall first notify all operators and notification centers who have a notice on file with the county clerk. The notification shall be given no less than 48 hours nor more than 10 days prior to the commencement of excavation. The. purpose of the notification is to give all operators the opportunity to determine if they have underground facilities in the area of the excavation. The "... excavator shall be responsible for damage to the underground facilities of an operator that was not so notified." § 142.6(A).

¶5 Section 142.6(B) requires the operators to mark the location of their underground facilities within 48 hours after receipt of notice. Section 142.6(C) provides:

"C. The only exception to subsection A of this section shall be when an emergency exists that endangers life, health or property. Under these conditions, excavation operations may begin immediately, providing reasonable precautions are taken to protect underground facilities. All operators of underground facilities within the area of the emergency must be notified promptly when an emergency requires excavation prior to the location of the underground facilities being marked."

---

1. An operator is defined as: "... any person or public agency owning or operating underground facilities; except private underground facilities not used to service the public, which serve residential or rural customers one or more of whom is the owner of such facilities;". 63 O.S.1991 § 142.2(9).

As stated above, the parties stipulated that the broken water line created an emergency as provided in § 142.6(C).

¶ 6  Being an emergency, the City, as excavator, was specifically not subject to § 142.6(A). In a *non-emergency* the City would be required to give at least 48 hours notice of its intent to excavate and it would be responsible for the damage to underground facilities of an operator it did not notify. In an emergency, however, the City was not obligated to give prior notice nor does the statute provide that the City would be responsible for the damage to those underground facility operators it had not notified. Paragraph C still requires notice in an emergency. ("All operators of underground facilities within the area of emergency must be notified promptly when an emergency requires excavation prior to the location of the underground facilities being marked.") But paragraph C does not provide for liability of an excavator for damage to an operator's underground facilities.

¶ 7  Southwestern Bell contends that because over two hours elapsed from the time the water line broke until the commencement of the excavation, the City had time to notify Southwestern Bell, and that the failure to do so was a violation of § 142.6(C) (even in an emergency operators of underground facilities "must be notified promptly") and was thus negligent per se. The trial court viewed it differently, finding that plaintiff "... failed to prove that the lack of notice, from Defendant of its emergency on August 20, 1995, in my way caused or contributed to its resulting damages."

¶ 8  First, unlike paragraph A of § 142.6, paragraph C, applicable to emergency situations, does not make the excavator responsible for damages for failure to give notice. It merely states that excavators "may begin immediately, providing reasonable precautions are taken to protect underground facilities" and that operators of underground facilities "must be notified promptly." Second, even if such failures under paragraph C can be the basis for liability under the Act, there was no allegation or evidence that the City did not take reasonable precautions to protect underground facilities. Third, even if there was a failure to give prompt notice, as the trial court recognized there was a lack of any evidence that such failure caused the damaged cable.

¶ 9  One of the only two reported opinions construing the Act makes it clear that a violation of the Act may be the basis for liability, "... but only if the violation proximately caused or contributed to the damages at issue." *Jones v. Oklahoma Nat. Gas Co.,* 1984 OK 89, 894 P.2d 415, 420. The act complained of was the failure to give prompt notice. That was, without stipulation or other evidence establishing causation, insufficient evidence to establish the necessary *prima facie* case. There was no evidence that failure to give prompt notice to Southwestern Bell caused its cable to be damaged, or that had notice been given earlier, the damage would not have occurred.

¶ 10  The standard review in a law action is that the findings of the trial court will not be disturbed on appeal if there is any competent evidence to support those findings and they are not contrary to law. *Dismuke v. Cseh,* 1992 OK 50, 830 P.2d 188; *State ex rel. McGehee v. 1987 Oldsmobile Cutlass,* 1993 OK CIV APP 177, 867 P.2d 1354. The decision below is neither contrary to law nor lacking in support by competent evidence. It is, in all respects, AFFIRMED.

JOPLIN, P.J., and GARRETT, J., concur.

